CITY OF QUANAH v. J. H. WHITE.

No. 234.

1. **Void Corporations—Reincorporation—Debts.**
   Under article 541, Revised Statutes, as amended April 13, 1891 (Laws Twenty second Legislature, page 95), a city reincorporating in place of a corporation declared void is not liable for the debts of the defunct corporation, unless by vote of its taxpayers the debts of the old have been assumed.   18

**2. Same.**

The amended article 541 makes it the duty of the county commissioners to administer the assets of a corporation ceasing to act from having been declared void, or from other reasons .................................... 18

**3. Reincorporation—Assuming Debts.**

In reincorporating under said amended article 541, two elections are contemplated; determining, (1) shall the town be reincorporated? at which all qualified voters may vote; and (2) shall the assets and debts of the old corporation be assumed? At this election only taxpaying citizens may vote. 18

Error to Court of Civil Appeals for Second District, in an appeal from Hardeman County.

This litigation involved the liability of the newly incorporated city of Quanah for the debts of a defunct corporation occupying the same territory, but declared void. Judgment was rendered in the District Court in favor of the defendant, the new corporation. On appeal, the judgment was reversed by the Court of Civil Appeals and judgment rendered for the plaintiff for his debt, and against the new corporation. It was assigned as error, that "the legal effect of the decision and judgment of the Court of Civil Appeals is to sanction the creation and imposition of a debt and lien upon the property of the taxpaying property holders without their consent, and in a way not provided or sanctioned by law."

*B. E. Green* and *T. H. Collier*, for plaintiff in error.—It is not believed by counsel that any argument is necessary, but the court's attention is called to the character of voters who may incorporate, as distinguished from those who may reincorporate and impose burdens upon property owners.

Under article 510, Sayles' Civil Statutes, every male person who has attained the age of twenty-one years, and who has resided within the proposed town or city for six months next preceding, and is a qualified elector under the laws of this State, shall be entitled to vote at the election. We submit that it is not so upon a submission of the question of reincorporating a dormant or defunct corporation, or de facto corporation, the purpose or result of which is the taking of property and the assumption of liabilities.

The amendment to article 541, Revised Statutes, passed in 1891, provides for Commissioners Courts to administer defunct or dormant corporations and de facto corporations, but makes an exception by proviso, that when any town or city shall reincorporate under chapters 1 or 2 of title 17 of the Revised Civil Statutes, upon a majority of the legal voters, taxpaying property holders of said town or city, all property, real and personal, of the old or de facto corporation shall be vested in the new one; and provides further, that the new corporation shall assume all the legal indebtedness, contracts, and obligations of the old corporation. Under this provision, the reincorporation must be by a majority vote of the legal voters, taxpaying property holders,

resident and owning taxable property situated within the limits of the territory reincorporated. It must be voluntary on the part of taxpaying property holders. A reincorporation can not be had and the burden of assuming indebtedness, contracts, and obligations of the old corporation imposed upon the taxpaying property holders of the new, except by general vote of all qualified voters entitled to vote in the matter.

*B. P. Eubank,* for defendant in error.—1. When a town or city corporation is dissolved, leaving improvements in the way of buildings, graded streets, etc., and also debts unpaid, a new corporation, formed since July 13, 1891, from the same territory, or from territory wholly within the territory of the dissolved corporation, becomes the owner of the property of the dissolved corporation, and in law assumes and becomes liable to pay the valid debts of the dissolved corporation.

2. When a town or city corporation is dissolved or declared to be void, leaving vast improvements of said city, in the way of public buildings, graded streets, bridges, etc., and also debts legally incurred, a new corporation formed since July 13, 1891, which appropriates the property of the dissolved or old corporation, uses and receives the benefit of same, thereby in law assumes the debts and becomes liable to pay the valid debts of the dissolved corporation. Laws 22nd Leg., p. 95; Ewing v. The State, 83 Texas, 666.

3. When debts are created by corporations, neither dissolution, change of name, or boundaries of same will affect the liability of the people composing the corporation to pay such debts.

A new corporation founded upon the ruins of the old, taking possession of her graded streets, bridges, and various improvements, ought, as a matter of right, to be liable for the debts of the body which made such improvements.

The general laws of the Twenty-second Legislature are intended, we think, to provide for just such a case as the one under consideration. In this case the facts show a corporation of about two years' duration contracting debts and receiving benefits therefrom, making improvements, and performing and doing all things in carrying on a city government. The corporation was dissolved, declared void, leaving extensive improvements and property, and leaving outstanding indebtedness. A new corporation is founded within the boundaries of the old, taking within its boundaries all the improvements of the old, and we think that the new corporation is liable for the debts of the dissolved corporation. Such appears to be the opinion of Chief Justice Stayton in the case of Ewing v. Commissioners Court of Dallas County, 83 Texas, 663.

BROWN, ASSOCIATE JUSTICE.—In the year 1890 the city of Quanah was incorporated, that is, all the forms of law were observed, but it was afterwards declared to be void, because it embraced territory

not subject to incorporation under the law. While it remained in force the city elected officers and contracted debts, of which the debts sued upon in this case was one, or comprises perhaps more than one, all belonging to the plaintiff. In the year 1892, upon quo warranto proceedings, the incorporation of that city was declared to be void, and it was dissolved by the judgment of the District Court of that county. In the same year, and subsequently to the judgment of the court, the city of Quanah was duly incorporated under chapter 17 of the Revised Statutes, as a town containing more than 1000 inhabitants.

This suit was instituted by the plaintiff below, J. H. White, to recover of the city of Quanah, under the new corporation, debts contracted by the void corporation. Judgment was given for the defendant in the District Court, from which plaintiff, White, appealed, and the Court of Civil Appeals reversed the judgment of the District Court and rendered judgment against the city of Quanah, from which judgment of the Court of Civil Appeals this writ of error was granted.

The decision of this case involves the construction of article 541, Revised Statutes, as amended by an Act of the Legislature, approved April 13, 1891, entitled "An act to amend article 541, chapter 2, title 17, Revised Civil Statutes of the State of Texas." Laws 22nd Leg., p. 95. The article as amended reads as follows: "When any corporation is abolished as provided in the preceding article, or if any de facto corporation shall be declared void by any court of competent jurisdiction, or if the same shall cease to operate and exercise the functions of such de facto corporation, all the property belonging thereto shall be turned over to the county treasurer of the county, and the Commissioners Court of the county shall provide for the sale and disposition of the same, and for the settlement of the debts due by the corporation, and for this purpose shall have power to levy and collect a tax from the inhabitants of said town or village, in the same manner as the corporation would be entitled to under the provisions of this chapter; provided, that when any town or city shall reincorporate under chapters 1 or 2 of title 17 of the Revised Civil Statutes of this State, upon a majority (vote) of the legal voters, taxpaying property holders of said town or city, all property, real and personal, of the old or de facto corporation shall be vested in the new one; provided further, that the new corporation shall assume all the indebtedness, contracts, and obligations of the old corporation; provided, where cities and towns have reincorporated under chapters 1 or 2 of title 17 of the Revised Civil Statutes prior to the adoption of this act, upon a majority vote of the taxpaying property owners of said city or town, all property, real or personal, of the old or de facto corporation shall be vested in the new one; and provided further, that the new corporation shall assume all the legal indebtedness, contracts, and obligations of the old corporation."

The question for determination is, under what conditions the new or reincorporated town or city becomes liable for the debts of the old.

This liability depends upon the second proviso in the statute. Is the proviso to be construed as applying to all towns that reincorporate under the law, or to be restricted to such as are invested with the title to the property of the old corporation? It is a rule of interpretation of statutes, that a proviso is limited to the clause which precedes it and to which it is attached, unless the language indicates to the contrary. End. Cons. Stats., sec. 186; Spring v. Collector of Olney, 78 Ill., 101. The reason of the law in this case will support the construction indicated by the authorities cited. By the dissolution of the old corporation, its property passed into the control of the Commissioners Court of that county, and the court was thereby invested with the power to levy taxes to pay the debts of the dissolved corporation. To enable the new town to pay the debts and resume its powers of taxation for that purpose, the proviso was inserted. Now, if the town takes the property, it is reasonable that it should likewise assume the debts; and it is equally consistent with reason, that if the property is not vested in the new corporation, the inhabitants should not be charged with the debts. It is likewise consistent with sound reasoning, justice, and good policy, that the inhabitants of such a town should not be charged with the payment of debts for which they are not liable without the consent of those who are to bear the burdens of taxation necessary to discharge the obligation. We do not see that there can be a doubt that the liability for the debts of the old corporation was dependent upon a vote of "the legal voters, taxpaying property holders of the town," by which they would be invested with title to the property of the old corporation.

The liability for the debts of the old corporation being dependent upon a vote of the legal voters, taxpaying property holders of the town, no liability attaches until such vote has been taken.

In order to reincorporate a town which has been dissolved and charge it with the debts of the old one, two questions must be determined: 1. Shall the town be reincorporated? 2. Shall the new corporation take the property of the old? The reincorporation must be under chapters 1 or 2 of title 17 of the Revised Statutes. At an election for such incorporation, "every free male person who has attained the age of twenty-one years, and who has resided within the limits of the proposed town for six months next preceding, and is a qualified voter under the laws of the State, shall be entitled to vote." Rev. Stats., art. 510. At the election to assume control of the property of the old town and thereby assume the payment of its indebtedness, *"the legal voters, taxpaying property holders,"* alone, could vote. The first question must be decided by *all the qualified voters*, which includes the taxpaying property holders, but the second question must be decided by the *taxpaying property holders* only, which excludes all not belonging to that class. It is manifest that there must be two elections to ascertain the will of the different classes of voters upon the two distinct questions.

The language, "when any town or city shall reincorporate under chapters 1 or 2 of title 17 of the Revised Statutes," etc., denotes the time at which the vote of the "legal voters, taxpaying property holders," shall be taken.  Webster's Dictionary gives one of the definitions of the word "when" to be, "after the time that," and considering the context and the purposes of this act, we think that is the sense in which it was used in the act under investigation.  In other words, the law is to be construed as if it read, "after any city or town shall reincorporate," etc.  This is rendered more certain as the right construction by the object of the law, which is to invest title to the property of the old or de facto corporation in the new, and it will not be supposed that the Legislature would undertake to cause that to be done before there was a new corporation to receive it.  Again, nearly the identical words are inserted in a third proviso as applicable to towns reincorporated before the enactment of the law, which shows that it was not the purpose to give to the act of reincorporation the effect of charging the new corporation with debts before contracted, but that it was to be left to the taxpayers to assume them by a vote of the majority.

It is claimed that this act was construed by this court in the case of Ewing v. Commissioners of Dallas County, 83 Texas, 663, to mean, that upon incorporation the new town became liable for the debts of the old.  But the question was not before the court in that case, and the remarks of the chief justice were not intended nor do they have the effect to so construe this act.

The question as to whether or not the Legislature can confer upon the majority of the inhabitants of a certain district of country the power to charge upon the property of the minority debts for which they were not before liable, is not before the court in this case, and is not therefore decided, but is expressly left open for consideration when the case involving it shall come before this court.

The Court of Civil Appeals erred in reversing the judgment of the District Court and in rendering judgment for the appellant, White, against the city of Quanah, and the judgment of the said Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed.

*Judgment of District Court affirmed.*

Delivered December 21, 1894.

DENMAN, Associate Justice, did not sit in this case.