**BURTIS v. WEISER et ux.**

**No. 4369.**

Court of Civil Appeals of Texas. Beaumont.

June 13, 1946.

Rehearing Denied July 10, 1946.

K. W. Denman, Jr., of Lufkin, and Lamar Cecil, of Beaumont, for appellant.

Musslewhite & Fenley, of Lufkin, for appellees.

COE, Chief Justice.

This suit was instituted in the district court of Angelina County, Texas, by appellant in the nature of a bill of review to set aside a decree of adoption made and entered in the district court of Angelina County on May 19, 1945, wherein Mary Katherine Burtis, a minor child, was adopted by appellees, Kenneth Miles Weiser and wife, Johnnie Weiser, the name of said child was changed to that of Mary Katherine Weiser.

The substance of appellant's allegations was to the effect that he was the father of the minor child, Mary Katherine Burtis, that she was born to him and his wife, Doris Louise Austin Burtis on the 17th day of August, 1942, in lawful wedlock; that he and said Doris Louise Austin were legally married to each other and living together as husband and wife prior to the birth of said child and at the time of the birth of said child and that they continued to live together as husband and wife until on or about the 27th of September, 1944, at which time appellant, who was in the military service of the United States of America, was transferred to duty outside the Continental limits of the United States; that he continued in the military service

of the United States and first learned of the adoption proceedings shortly before June 20, 1945, when he returned to the United States; that immediately thereafter he sought the care and custody of said Mary Katherine Burtis but was refused such custody by the appellees; that he never consented to the adoption of said Mary Katherine Burtis by the appellees and had no notice of such proceedings prior to the decree of adoption; that during his absence from the continental limits of the United States he made adequate allotment for the care of his wife and child and has never abandoned said child or failed or refused in any way to support her; that said decree of adoption is null and void because he, the appellant, has never given his consent thereto and had no notice of such proceedings and that he would not have consented thereto, and prayed that such decree of adoption be set aside and held for naught.

Appellees answered with a general denial and denied specially that appellant was the father of said Mary Katherine Burtis, and further alleged as a special answer that at the time the mother of said Mary Katherine Burtis, who is Doris Louise Austin Burtis, was conceived of said child that she was lawfully married to G. D. Austin, Jr., and that the appellant at the time the mother of said child was conceived was duly and legally married to Juanita Burtis, and that the said Doris Louise Austin Burtis was not divorced from her husband, G. D. Austin, Jr., until April 9, 1942; that she was duly and legally married to G. D. Austin, Jr., on February 16, 1940; that the appellant, Thomas R. Burtis, was not divorced from his wife, Juanita Burtis, until the 12th day of March, 1942, and at the time said child, Mary Katherine Burtis, was conceived by her mother, Doris Louise Austin Burtis, her said mother was lawfully married and was the wife of G. D. Austin, Jr.; that said child being born on the 17th day of August, 1942, was the stepchild of Thomas R. Burtis, and it was not necessary for said Thomas R. Burtis to consent to the adoption of said child by the appellees; that said Thomas R. Burtis and Doris Louise Austin Burtis were not married until the 10th day of April, 1942.

The trial was before the court without the aid of a jury. At the conclusion of the testimony, the court entered judgment denying the appellant the relief sought and upon request for findings of fact and conclusions of law found that appellant was not the father of Mary Katherine Burtis. From the judgment of the court denying the relief sought, he perfected his appeal to this court.

There are no controverted issues of fact arising upon the trial of the cause in the trial court. The record shows that G. D. Austin, Jr., married the mother of the minor child here involved on February 16, 1940, and was divorced from her on April 8, 1942; that said child was born on the 17th day of August, 1942; that appellant married Doris Louise Austin, the mother of said child, on April 10, 1942. Therefore, at the time of the conception of Mary Katherine Burtis her mother was legally married to G. D. Austin, Jr., and the appellant was legally married to his former wife, Juanita Burtis, and there is no evidence to indicate or support a finding that at the time of the conception of said child that G. D. Austin, Jr., was impotent nor that he could not have had access to his wife. Appellees had the consent of G. D. Austin, Jr., and Doris Louise Austin Burtis to adopt said Mary Katherine Burtis.

Appellant also offered in evidence in the trial of this cause appellees' petition for adoption, to which was attached a joint affidavit of G. D. Austin, Jr., and Doris Louise Austin Burtis to the effect that on the date of the conception of Mary Katherine Burtis that the mother and G. D. Austin, Jr., were living apart and that G. D. Austin, Jr., was not the father of said child, and the further statement by Mrs. Burtis that her then husband, Thomas R. Burtis, was not the father of said child. While this affidavit was not objected to when offered in evidence we are of the opinion that the same was incompetent and inadmissible, and therefore furnished no basis for a finding of the trial court, or by this court, as to whether G. D. Austin, Jr., or Thomas R. Burtis is the father of said minor. Pinkard v. Pinkard, infra; Moore v. Moore, Tex.Civ.App., 299 S.W.

653; Simon v. State, 31 Tex.Cr.R. 186, 20 S.W. 399, 37 Am.St.Rep. 802.

■ The controlling point on this appeal embodies the contention of appellant that said child having been born to her mother while she was lawfully married to appellant the presumption is that the appellant is the father of the child and that the adoption decree having been entered without his consent and without notice to him that the same is null and void, citing as authority for this contention Article 46a, Sec. 6, Vernon's Ann.Civ.St.; Pearce v. Harris, Tex.Civ.App., 134 S.W.2d 859; Fitts v. Carpenter, Tex.Civ.App., 124 S.W. 2d 420; Pinkard v. Pinkard, Tex.Civ.App., 252 S.W. 255. The appellees contend that since said child was conceived while her mother was the lawful wife of G. D. Austin, Jr., the presumption that G. D. Austin, Jr., was the father of such child must prevail until it is shown by competent proof that said G. D. Austin, Jr., was not such father.

The question here presented resolves itself into the question of which presumption shall prevail, that is, whether the presumption that a child born in lawful wedlock is presumed to be the offspring of the mother and her then husband or whether the presumption that a child conceived in wedlock is presumed to be the legitimate offspring of the then legal husband.

We are convinced that the presumption that the husband of a woman at the time of the conception of a child is the father of such child must prevail until overcome by legal and competent evidence, which is not found in this record. This presumption is in accordance with the innocence of all parties. To indulge in a presumption that Thomas R. Burtis is the father of said child would be to convict the mother of such child of wrong doing, as well as the appellant, who was, at the time of said conception, legally married to another woman. This conclusion is supported by 6 Tex.Jur., at page 376, wherein the author says: "Logically there would be no presumption that a child of less than nine months was the child of the then husband where the mother was at the time of conception the wife of another. The presumption would

be otherwise in the interest of innocence. Such child would be a stepchild of the latter marriage." See also 10 C.J.S., Bastards, §§ 3, 4, pp. 25, 26–29. This presumption prevailing, is a complete answer to appellant's contentions that it was necessary to have the consent of appellant to the adoption proceedings as provided for in Article 46a, Sec. 6, Vernon's Ann.Civ. St. This being the only serious objection directed at the judgment of the court in refusing the relief sought by appellant, each and all of appellant's points are overruled, and the judgment of the trial court is affirmed.