Aurora Villarreal LONGORIA, Appellant,

v.

Oscar G. LONGORIA, Appellee.

No. 13448.

Court of Civil Appeals of Texas.

San Antonio.

April 15, 1959.

Rehearing Denied May 13, 1959.

Perkins, Floyd & Davis, Kenneth Oden, Alice, for appellant.

Lloyd & Lloyd, Alice, for appellee.

BARROW, Justice.

This suit was filed by appellee for a divorce from appellant, and a cross-action was filed by appellant for a divorce from appellee. The case also involves the custody, support and maintenance of two minor children, and property rights between the parties.

The case was tried to the court without a jury and judgment rendered granting appellant a divorce from appellee upon her cross-action, but custody and control of Manuel Oscar Longoria, a boy, was granted to appellee, subject to the right of the mother to be with said boy at reasonable times. Appellant was granted the care, custody and control of Marta Longoria, a baby girl, subject to the right of the father to visit and be with said child at reasonable times. The judgment ordered and decreed that appellee shall provide for and pay all expenses of the support, maintenance and education of the boy, and that appellant shall provide for and pay all expenses of the support, maintenance and education of the girl. That the two-room wooden frame house, 12 feet by 20 feet, shall be sold and the proceeds applied to the payment of doctors' and drug bills incurred by appellant. That the title to the furniture and household goods, as well as the title to certain lots in the City of Alice be vested in appellant and divested out of appellee. That the judgment not be superseded pending the appeal. From that judgment appellant brings this appeal.

The appeal is predicated upon two points of error: First, that the trial court erred and abused its discretion in depriving the appellant of the care, custody and control of her minor son, Manuel Oscar Longoria, and in separating the said minor son from his younger sister, and in awarding the care, custody and control of said minor son to appellee. Second, that the trial court erred in divesting title to real estate from one of the parties hereto and vesting the same in the other party.

On October 17, 1956, appellee filed his original petition praying for a divorce, custody of the then two-year-old boy, and adjustment of property rights between the parties. Appellant filed her general answer to appellee's suit on December 18, 1956. On December 17, 1956, appellee filed his application for custody of the boy pendente lite. Upon hearing of this application the trial court awarded temporary custody of the boy to appellant and made provisions for visiting rights by appellee.

No further pleadings were filed or action taken by the parties with reference to said cause until February, 1958, when appellant filed her first amended original answer and cross-action, alleging separation from appellee on February 14, 1958, and the expected birth of the second child. In addition to a divorce, she prayed for the use of the house, for alimony, child support, all pen-

dente lite, and that appellee be required to pay the medical, doctors, hospital and nursing bills incurred by reason of the expected birth of the second child, and for custody of the two children, division of the community property and for support and maintenance of said children.

On March 3, 1958, upon a hearing of said application for temporary relief, the trial court entered an order, on agreement of the parties, ordering that appellee contribute the sum of $12.50 per week for the support of the mother and the boy then in being, pending the suit; that the two-room house be set aside and the title vested in the mother; that the household goods and furniture be set aside to the use of the mother and the boy, pending the suit, and that appellee pay all reasonable medical, hospital, doctor and nursing bills in connection with the expected birth of the second child; that the temporary order with reference to the custody, pendente lite, of the minor child, Manuel Oscar Longoria, shall remain in full force and effect; and that upon the birth of the unborn child the petition for divorce shall be presented to the court and the issues to be determined other than divorce, shall be the ownership or disposition of the household goods and furniture, and the amount of child support for the minor child in being and the said unborn child, and the issue of custody of said minor children.

On August 22, 1958, appellant filed a motion to hold appellee in contempt of court for failing to comply with the above order. A hearing was had on September 4, at which time appellee made arrangements to pay the sum of $125 on accrued medical bills, leaving several bills unpaid. On October 8, 1958, the case came on for trial on plaintiff's original petition and defendant's first original answer and cross-action.

■ Upon the trial of the case, all the evidence regarding the relationship of the parties was given by the testimony of appellant and appellee, and then for the first time appellee contended that he was not the father of the second child, and contended for the first time, that he had not lived with his wife, nor had any of the usual relations of husband and wife with her since their separation on October 13, 1956. On the other hand, appellant testified that after the original filing of the suit, in the month of September, 1957, she and appellee were reconciled and lived and cohabited together until about December 30, 1957, when she left him for the reason that he wanted her to have the unborn child aborted.

It is undisputed that appellant is a trained practical nurse and beauty operator, well qualified to earn substantial wages. That during all the time from the original separation until just before the birth of the second child on September 4, 1958, she worked as a practical nurse in Hebbronville, earning $70 per week. That appellee during said time, and for thirteen years prior thereto, worked in a furniture store in Alice, and earned some $41 or $42 per week take home pay. That the boy in question, during his entire life, up to the trial of this cause, had lived with his mother; that she had him in kindergarten and paid his tuition during his entire attendance, with the exception of during the period of the alleged reconciliation. It was admitted that during that time she bought the lot in question out of her own money and that appellee did not even know of the purchase of said lot. Appellee testified that at the first temporary hearing he agreed to give appellant the house, "and I wanted my divorce." He further testified that he could not pay more than $8 per week for the support of said children. However, the evidence shows that he paid the $12.50 per week up to the time of the trial, and he finally admitted that he could pay $10 per week in the future. He testified that out of his earnings he pays $5 per week to another child of a former marriage; that his board with his father and mother cost him $15 per week, and his laundry, $4 per week, and that he owes a note in the sum of $125, which he executed to make the payment on debts which he was ordered to pay on the temporary hearing.

The evidence further shows that appellant in the month of March had a blood test made in connection with the pre-natal treatment, and that upon said blood test she discovered that she had syphilis. She testified that she must have caught the same from appellee, as she had no other way to catch it. She denied having had sexual relations with any other man. In that connection, appellee testified that he had no sexual relations with her since October, 1956; that he did not have syphilis; that he had been examined periodically in connection with his status in the armed services reserve from time to time; the last specific examination having been in August, 1957. He further testified: "I do not believe I am the father of said child, because she told me that she was going to marry another man in Hebbronville, that is why I'm kicking about it. She came out in her own words that she had—she was going to marry a man in Hebbronville. She knows about it. She told me that is why I say so."

Appellee further testified that during the alleged period of reconciliation he had given her a wedding ring, because when they were originally married he had given her a cheap ring, and that they were going back together, and that they had exchanged other presents.

The question to be determined by this appeal is, did the trial court abuse its discretion in awarding the custody of this five-year-old boy to the father and separating the child from his mother and his baby sister? Viewing the testimony, together with the inference to be drawn therefrom, in the light most favorable to the appellee, we think the trial court did so abuse its discretion.

■ The law in Texas is well settled that neither parent may by declarations or efforts to show non-access, bastardize a child born during lawful wedlock. Any such evidence is incompetent and insufficient upon which to base any finding of fact whatsoever. Burtis v. Weiser, Tex.Civ. App., 195 S.W.2d 841; Gonzalez v. Gonzalez, Tex.Civ.App., 177 S.W.2d 328; Moore v. Moore, Tex.Civ.App., 299 S.W. 653; Pinkard v. Pinkard, Tex.Civ.App., 252 S.W. 265. Moreover, it is difficult for us to believe that the trial court would have granted the divorce to appellant and refused the divorce to appellee if the court had believed such testimony. Oster v. Oster, Tex.Civ. App., 130 S.W. 265. Furthermore, appellee's claim made upon the trial of the merits is altogether inconsistent with his former conduct and agreements in connection with temporary support and maintenance pendente lite.

The evidence further shows that the mother is far better able, financially, to care for said child than the father, in view of his own testimony as to the respective capacities of the parties.

It is undisputed that the birth of both of these children was by Caesarean section, and that it would be some time following the birth of the second child before she could go back to work, but that she intended to do so, because she could not support either of such children on any amount that appellee could contribute.

■ The law is well settled in this State that, all other things being equal, the mother should be given preference in awarding the custody of young children. The trial court evidently found that both father and mother were suitable persons, inasmuch as it divided the children between them. There appears no reason in this record why the mother should not be entrusted with the custody of these two small children. As to the father's fitness to have the custody of the five-year-old boy, the following testimony was given by appellant upon examination by the Court:

"Q. Mrs. Longoria, does your husband have an adequate place to keep the baby with his parents? A. At home, I believe his mother.

"Q. I mean, is his home as adequate as yours, as far as size is concerned? A. Yes, I think so.

"Q. I beg pardon. A. I think so."

There is no testimony as to the age of appellee's parents. As to the health of his parents, appellee testified that his mother was sick and unable to care for his laundry and fix his meals. As to appellee's fitness, the testimony is confined exclusively to a comparison of the two homes, as to size.

The rule of law giving the mother the preference in awarding the custody of young children has been forcefully laid down in the following cases: Ott v. Ott, Tex.Civ.App., 245 S.W.2d 982; Immel v. Immel, Tex.Civ.App., 231 S.W.2d 732; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124; Bezner v. Sawyer, Tex.Civ.App., 217 S.W.2d 858; Redwine v. Redwine, Tex.Civ. App., 198 S.W.2d 472; McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296; Cain v. Cain, Tex.Civ.App., 134 S.W. 2d 506; Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426. Appellant's first point is sustained.

We think appellant's second point should be overruled. Appellant was awarded the title to this real estate and is in no position to complain thereof. Appellee makes no complaint. In fact, he testified, and takes the position in this Court that it was agreeable with him that she be awarded the property. Article 4638, Vernon's Ann. Civ.Stats., provides:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

In this case the decree approved the division of the property which was agreed upon by the parties. The decree did not compel appellee to divest himself of title to real estate, but simply confirmed his agreement to do so. Gago v. Raines, Tex. Civ.App., 268 S.W.2d 724.

The judgment of the trial court is reversed in part and here rendered in part awarding the custody of the minor boy, Manuel Oscar Longoria, to the appellant. Aurora Villarreal Longoria. The appellee, Oscar G. Longoria, shall have the right and privilege of visiting with said minor at any and all reasonable times, and shall be required to pay to the appellant the sum of $10 per week for the support of said children until the oldest attains the age of eighteen years, and thereafter the sum of $5 per week for the support and maintenance of the younger child until she attains the age of eighteen years. In all other respects the judgment of the trial court is affirmed.