Lowrey Franklin GRAVLEY, Appellant,

v.

Ruby Oleta GRAVLEY, Appellee.

No. 15935.

Court of Civil Appeals of Texas.

Dallas.

Dec. 1, 1961.

Rehearing Denied Jan. 19, 1962.

Robert F. Ashley, Dallas, for appellant.

Tom James, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Lowrey Franklin Gravley brought suit for divorce from his wife Ruby Oleta Gravley alleging that no chil-dren had been born to their marriage and none was expected.

Ruby Oleta Gravley filed an answer and cross-action alleging that one child a girl had been born of their marriage on August 31, 1960. She asked for custody of the child and that appellant be required to pay child support.

Appellant as cross-defendant answered that the child is not the child of appellant and appellee, but is the child of appellee and one Henry Harold Hoffman from whom appellee was divorced in Dallas County, Texas on February 3, 1960; or in the alter-native, is the child of appellee and one William R. Vrooman, the latter marriage having been dissolved either by divorce or annulment in Dallas County, Texas on the same day, February 3, 1960.

On October 25, 1960, after a trial before the court without a jury, judgment was rendered granting appellant a divorce, but the court found that the child born August 31, 1960 had been born of the marriage of appellant and appellee. Appellant was ordered to pay $90.00 per month as child support.

For the most part the facts are undisputed. In 1954 at the age of 16 years, appellee married Henry Harold Hoffman in Vicks-burg, Mississippi. They separated later in the same year.

Having been informed that her marriage with Hoffman had been dissolved by divorce, appellee in March of 1956 undertook to marry William R. Vrooman in a ceremony performed in Jackson, Mississippi. One child was born to this union, a boy, who was 18 months of age in February 1960.

Some time in 1959, according to her peti-tion for annulment, appellee learned that she had never been divorced from Hoffman, her first husband. She thereupon separated from Vrooman and filed two suits; one for divorce from Hoffman and one for annul-ment of her marriage to Vrooman. On February 3, 1960 in Domestic Relations

Court of Dallas County, Texas, appellee was granted judgments in both cases, one a judgment of divorce from Hoffman, the other a judgment annulling her marriage to Vrooman.

Meantime appellant, a pharmacist, had met appellee while both were employed in the same drug store. Beginning in September before the divorce and annulment of February 3, 1960 and continuing from time to time until their marriage on February 17, 1960 appellant and appellee engaged in acts of sexual intercourse. At the time of their marriage appellee was pregnant. Appellant knew that appellee was pregnant. She had told him that he was the father of the unborn babe. There is evidence that she had become pregnant in November of 1959. Appellant admitted on the witness stand that he might be the father of the little girl born August 31, 1960.

Appellant does not attack the judgment of divorce in this case. He complains of this appeal only of that part of the judgment ordering him to pay $90.00 per month as child support.

In eight points on appeal appellant asserts in substance that there was no evidence, there was insufficient evidence, and no preponderance of the evidence to rebut the presumption that the child born August 31, 1960 was the child of appellee and Henry Harold Hoffman; that there was no evidence, there was insufficient, and no preponderance of the evidence to rebut the presumption that the said child was the child of William R. Vrooman; and that the undisputed evidence shows that neither Hoffman nor Vrooman was impotent and that both of them had access to appellee at the alleged time of the conception of the child.

We agree with appellant when he says in his reply brief that the issue in this case is not the legitimacy of the subject child. He states that the child having been conceived during a lawful marriage and also having been born during a lawful marriage, is certainly legitimate. The valid-

ity of appellee's marriage to Hoffman in 1954 is not disputed. The good faith of appellee in her supposed marriage to Vrooman in 1956 is not challenged, therefore, a child born of that putative marriage is legitimate. 28 Tex.Jur. 721–724. And it is not disputed that following her divorce from Hoffman and the annulment of her marriage to Vrooman, appellee and appellant Gravley were married February 17, 1960 and that marriage was valid and subsisting on August 31, 1960 when the subject child was born.

Section 42, V.A.T.S. Probate Code provides that where a man, having by a woman a child, shall afterwards intermarry with such woman such child shall thereby be legitimated. See also Pilgrim v. Griffin, Tex.Civ.App., 237 S.W.2d 448. Of course, in the present case appellant did not marry appellee after the child was born. He married appellee before the child was born. But as we interpret the statute it does not mean that a man in order to legitimate a child must wait until the child is born to marry the mother.

The old statute, Art. 2581, Vernon's Ann.Civ.St. included the words "if recognized by him." But when the old statute was repealed in 1955, and was re-enacted as part of Section 42 of the Probate Code the language above quoted was omitted. Obviously, the purpose in omitting the provision was to broaden the scope of the statute so that recognition by the father is no longer necessary. 8 Tex.Jur.2d 522.

We emphasize that legitimacy is not an issue in this case for the reason that if it were much of the testimony heard by the trial court would not be admissible. The only witnesses were appellant and appellee. Neither husband nor wife may testify to facts which would bastardize a child born during a lawful wedlock. Longoria v. Longoria, Tex.Civ.App., 324 S.W.2d 244; 8 Tex.Jur.2d 526. Since legitimacy is not an issue we think the testimony was admissible.

■ Appellant asserts that there is a presumption that a child which is conceived during a marriage is the child of that marriage though the child may have been born during a later marriage—that a child is presumptively a child of the marriage in which it is conceived rather than of the marriage in which it is born. Burtis **v.** Weiser, Tex.Civ.App., 195 S.W.2d 841.

We do not quarrel with the holding in the above cited case, but we do not believe it is controlling here. Appellant admits, and correctly so, that the presumption on which he relies is a rebuttable presumption. And we are of the opinion that the evidence here is sufficient to rebut the presumption and to support the court's judgment.

Appellee testified that she had not seen Hoffman in several years. She further testified that she had not had sexual intercourse with Vrooman, her putative husband, since June of the year before the child was born in August 1960.

Appellant sponsored a stipulation, which was read into the record, to the effect that appellant and appellee had engaged in sexual intercourse from time to time beginning in September of the year prior to the time the baby was born in August 1960. He admitted that the baby could have been his.

The trial judge obviously believed the above testimony for in his judgment he made this finding:

"It further appearing to the Court that there was one child born to the Plaintiff and Defendant during their said marriage, to-wit: namely, KATHRYN DENISE, a girl who was born August 31, 1960."

■ Moreover, we think that even without the testimony of appellant and appellee as to their sexual relations, other undisputed facts support the court's judgment. Appellee's marriage to Hoffman and the annulment of her attempted marriage to Vrooman both took place February 3, 1960. She married appellant February 17, 1960. The baby was born August 31, 1960, nearly seven months after the divorce and annulment. It is common knowledge that babies are sometimes prematurely born. If we exclude the testimony of appellant and appellee as to their pre-marital intercourse there is nothing in the record to show that this baby was not prematurely born. At any rate, since it was born in wedlock, we shall not presume to the contrary.

Appellant's eight points on appeal are overruled.

Judgment of the trial court is affirmed.