**Jack CADDEL, Appellant,**

v.

**Jenny Crites CADDEL, Appellee.**

**No. 8282.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 28, 1972.

granting of the divorce or the awarding of the custody of the child to the mother-appellee, and the judgment is affirmed as to the matters of divorce and custody. That portion of the judgment adjudicating the question of paternity and the consequent liability for child support is reversed and the cause is remanded to the trial court for further proceedings.

The instant case had its inception on June 30, 1970 when Jack Caddel, appellant herein, instituted proceedings for the annulment of a purported marriage between himself and Jenny Crites Caddel, the appellee herein. He alleged that he and the appellee were ceremonially married in the State of Oklahoma on or about the 23rd day of January, 1970, and that such marriage was null and void because at the time of such ceremony the appellee was the wife of Bobby James Burkham, and such marriage to Burkham had not been dissolved and was then still in full force and effect. This annulment action was contested, and the appellee filed a cross-action seeking a divorce from the appellant and custody and support of the minor child born during her marriage to appellant Caddel, and alleged to be the issue thereof. After a hearing, the trial court entered a judgment on August 20, 1970 denying the appellant's petition for annulment and determined that a valid marriage existed between the appellant and appellee under the provisions of Section 2.22 of the Texas Family Code, V.T.C.A.

On August 12, 1971, the appellee filed her amended motion for summary judgment, including, among other matters, her contention that although at the time of her Oklahoma ceremonial marriage to appellant on January 23, 1970, she was legally married to Bobby James Burkham, on April 23, 1970 she and Burkham were legally divorced and at that time, under Section 2.22 of the Texas Family Code, the marriage to Caddel became legal as of the date of their Oklahoma ceremonial marriage. She further contended in her motion for summary judgment that she and

---

Sheehan & Dubuque, Inc., Louis T. Dubuque, Dumas, for appellant.

Lovell, Lyle, Cobb & Renfer, L. Dean Cobb, Dumas, for appellee.

ELLIS, Chief Justice.

In this divorce action, the husband-appellant challenges the judgment of the trial court insofar as it decreed that he is the father of the minor child born during the marriage of appellant and appellee and ordered him to pay support for such child. No issue is raised in this appeal as to the

Caddel lived together as husband and wife from January 23, 1970 until just prior to the filing of the instant suit and that during such period she became pregnant and gave birth to a child of whom Caddel was the father. She sought an order requiring the appellant to pay support for such child. Further, she relied upon the judgment of August 20, 1970 denying the appellant's petition for annulment and determining that the marriage of the appellant and appellee was valid under the provisions of Section 2.22 of the Texas Family Code. Attached to the motion and submitted as summary judgment proof were: (1) a certified copy of the judgment denying the appellant's petition for annulment, and (2) the appellee's affidavit dated August 11, 1971 setting out that she was married to the appellant on January 23, 1970 in the state of Oklahoma while she was still legally married to Bobby James Burkham, and that at such time a divorce proceeding was pending between her and Burkham which became final and thereby dissolved such first marriage on April 23, 1970. She further stated in the affidavit that at the time of such divorce she and Caddel were living together as man and wife and continued to do so until their separation. Also, she stated in her affidavit that in April, 1970, it was determined that she was pregnant, that a child was born to her on October 7, 1970, and that Caddel was the father of the child.

On August 23, 1971, the appellant filed his answer to the appellee's motion for summary judgment, alleging therein that as a matter of law he and the appellee became married through a common law marriage after April 23, 1970, the date of the divorce between appellee and Burkham, and denied the validity of the alleged marriage of January 23, 1970 between himself and appellee because of the impediment of the outstanding undissolved legal marriage at such time. Attached to the appellant's answer to the motion for summary judgment was a verified copy of each of the following instruments: (1) the appellee's original petition for divorce against Burkham, alleging, among other matters, that they were legally married on November 13, 1968; (2) Burkham's waiver of service of citation in such divorce cause dated March 18, 1970; (3) the divorce judgment of April 23, 1970 dissolving such marriage; and (4) the affidavit of the doctor who stated that he attended the appellee when she gave birth to the named child on October 7, 1970, and that she had previously come to his office on April 9, 1970 at which time it was determined that she was pregnant. The doctor further stated: "At that time, it was my *opinion* she had been pregnant approximately three months." (Emphasis added). Appellant further contends in his answer to the motion for summary judgment that, by the allegations contained in her motion for summary judgment in this cause and in her petition for divorce against Burkham, she judicially admitted that she was lawfully married to Burkham on or about November 13, 1968, and according to the divorce judgment this marriage was not dissolved until April 23, 1970. Further, he contends that she has offered no evidence of the impotency or nonaccess of Burkham at the time of the conception of such child.

In the judgment entered and filed on December 30, 1971, approved as to the form by counsel of both parties to this suit, it was recited that the court decided on August 12, 1971 that the appellee's amended motion for summary judgment should be granted "as to the question of paternity in that Jack Caddel as a matter of law, is the father of the child born to Jenny Crites Caddel on October 7, 1970, and that he is obligated to pay support for such minor child. . . ." We observe that there is no separate summary judgment order in the record. Further, the judgment of December 30, 1971, reiterated and specifically confirmed such adjudication on the question of paternity and liability for support. Additionally, the latter judgment granted the divorce, awarded the custody of the child to the mother and ordered the appellant to pay a specific sum each month for child support.

The appellant has predicated this appeal upon two assignments of error relating basically to the decision of the court with respect to the summary judgment proceeding. He contends that the trial court erred in (1) holding that the minor child was a product of the marriage of appellant and appellee as there was no evidence to overcome the presumption that the child was the product of the marriage of which it was conceived; and (2) requiring appellant to support the minor child to whom he owed no duty of support. These points will be considered together, since the decision upon the paternity question is basic in determining the matter as to the appellant's liability for support of the child.

Initially, we deem it appropriate to consider the trial court's judgment of August 20, 1970 wherein the appellant's petition for annulment was denied. A most significant portion of the judgment provides:

"IT IS THE JUDGMENT, ORDER and DECREE, that Petitioner Jack Caddel be, and he is in all things denied the relief prayed for in said petition for annulment, the Court having determined the validity of the marriage under Section 2.22, Texas Family Code. . . ."

Section 2.22 of the Texas Family Code provides:

"A marriage is void if either party was previously married and the prior marriage was not dissolved. However, the marriage becomes valid when the prior marriage is dissolved if since that time the parties have lived together as husband and wife and represented themselves to others as being married."

 It is well established that the above mentioned judgment determining that the marriage of appellant and appellee was valid under Section 2.22 of the Texas Family Code must be accepted as a valid judgment for there is no transcript of evidence of the hearing or separate findings of fact or conclusions of law requested or filed, and it is deemed that the court found all necessary facts to support such judgment. The appellee contends that such judgment has the effect of relating the validity of the marriage of appellant and appellee back to the January 23, 1970 ceremony performed in Oklahoma. We do not agree. It is our opinion that the plain language of the provision, "However, the marriage becomes valid when the prior marriage is dissolved, if since that time the parties have lived together . . . ," etc., is clearly intended to apply prospectively from and after the time of the dissolution of the prior marriage. See White v. City of Quanah, 88 Tex. 14, 28 S.W. 1065 (1894). Further, it was held in Esparza v. Esparza, 382 S.W.2d 162 (Tex.Civ.App.—Corpus Christi 1964, no writ) that in order for a valid marriage to exist there must be no legal impediment prohibiting the marriage relationship. Thus, we hold that the legal marriage relationship in this case, although common law in character, had its inception on April 23, 1970, the time of the divorce judgment in the previously outstanding marriage between the appellee and Burkham. We believe the judicial admissions in appellee's various pleadings and her summary judgment affidavit, together with the court's judgment denying the annulment petition and holding the marriage valid, sufficiently support a common law marital status after April 23, 1970. Thus, we hold that under the judgment of August 20, 1970 the marriage of the parties of this suit is valid from and after April 23, 1970. Even assuming, arguendo, that the validity of the marriage related back to January 23, 1970, the child would have been conceived prior to that date on the basis of the doctor's affidavit as to her having been pregnant approximately three months prior to April 9, 1970. Thus, the date of conception, in any event, would have been prior to the existence of a legal marital relationship between the appellee and appellant.

 There is a presumption that a child born during lawful wedlock is presumed to be the legitimate child of the

mother and her then husband, and neither the husband nor the wife can directly deny the legitimacy of such child born during their legal marriage. Barnett v. Barnett, 451 S.W.2d 939 (Tex.Civ.App.—Beaumont 1970, writ dism'd); Esparza v. Esparza, supra. In addition to the foregoing presumption there is a further presumption that a child conceived during wedlock is presumed to be the legitimate offspring of the legal husband at the time of conception, Burtis v. Weiser, 195 S.W.2d 841 (Tex.Civ.App.—Beaumont 1946, writ ref'd). Burtis v. Weiser further holds that as between the two presumptions, the presumption that the husband of a woman at the time of conception of a child is the father of such child must prevail until overcome by legal and competent evidence. Thus, under this prevailing presumption, albeit rebuttable, Burkham, and not the appellant, would be deemed as the father of the child. Also, the evidence of a mother or father standing alone cannot overcome the presumption because such parties are prohibited from giving testimony tending to bastardize the child. Esparza v. Esparza, supra.

■ The appellee contends that the disposition of the instant case is controlled by the Texas Family Code, including not only Section 2.22 above discussed, but also Section 2.01 of such Code found in the chapter entitled "Validity of Marriage" and setting forth the "State Policy" in the following language:

" . . . When two or more marriages of a person to different spouses are alleged, the most recent marriage is presumed to be valid as against each marriage that precedes it until one who asserts the validity of a prior marriage proves its validity."

We note that the validity of the prior marriage here involved is established by the judicial admission of a legal marriage to Burkham in appellee's petition for divorce and also by the divorce judgment dated April 23, 1970. Thus, the presumption that the most recent marriage is presumed to be valid as against the marriage preceding it is no longer applicable in this case by reason of the proof of the validity of the first marriage.

In the case of Gravley v. Gravley, 353 S.W.2d 333 (Tex.Civ.App.—Dallas 1961, writ dism'd) it is pointed out that in a situation in which a child had been conceived during a lawful marriage and had been born during a lawful marriage, although a later marriage to that in existence at the time of conception, the child would in any event be deemed legitimate, and since the matter of legitimacy was not in issue, the prohibition against the testimony of the mother or father as to the matters involved would be inapplicable. Thus, in the instant case, we have a situation wherein under the application of either presumption the child could not be determined to be illegitimate, and the prohibition against the admission of the summary judgment affidavit by the mother would not apply.

■ In this case, however, it must be remembered that the matters in issue involve the admissibility and competency of the summary judgment proof submitted in seeking to establish the non-existence of a material fact issue. Generally, all doubts as to whether a matter is established as a matter of law and the non-existence of an issue of material fact is resolved against the movant. In re Price's Estate, 375 S.W.2d 900 (Tex.Sup.1964). It is well established that only admissible testimony having probative force is to be considered in a motion for summary judgment. Further, on motion for summary judgment the movant has the burden of proof and this burden does not shift. Statham v. City of Tyler, 257 S.W.2d 742 (Tex.Civ.App.—Texarkana 1953, writ ref'd n. r. e.); Rule 166-A, Texas Rules of Civil Procedure. Additionally, summary judgments are not granted by default and may be properly granted only upon the movant's discharge of his primary burden to show an absence of fact issues. Freeberg v. Securities Investment Company of St. Louis, 331 S.W.2d 825

(Tex.Civ.App.—San Antonio 1960, writ ref'd); Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.1965). Further, the testimony of an interested witness, even if uncontradicted, only raises a fact issue on matters testified to by such witness, and, unless conclusive in its nature, will not authorize or support the granting of a summary judgment. Mills v. Mills, 228 S.W. 919 (Tex.Comm'n App. 1921); Id. 111 Tex. 265, 231 S.W. 697; Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, supra. In 4 McDonald, Texas Civil Practice, § 17.26.12 at pp. 172–173, the rule is stated in the following language:

" . . . When a motion finds support only in the affidavits of interested parties or witnesses (and especially when such affidavits deal with facts peculiarly within the affiants' knowledge), the credibility of such affiants normally will be for the jury."

In the instant case, when it is recognized that the prohibition against the admissibility of the appellee's affidavit is not applicable, since, in any event, under the presumptions, legitimacy is not in issue, the affidavit testimony of appellee, being an interested party, in the light of the applicable authorities, presents an issue of material fact as to the paternity of the child. Further, only by implication and not by conclusive evidence is there proof of non-access of the legal husband at the time of the conception.

■■■■ Further, opinion testimony will not support the granting of a summary judgment, and the law is well established in Texas that opinion testimony does not establish any fact as a matter of law. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (1948). Even the opinion evidence of experts is usually not conclusive and presents a fact issue. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Broussard v. Moon, 431 S.W.2d 534 (Tex.Sup.1968).

Also, the appellant has submitted the affidavit of the doctor setting out his *opinion* regarding the time when the appellee became pregnant, as evidence in opposition to the summary judgment proof presented by the appellee. Additionally, it is observed that the appellee's affidavit contains certain opinions and mere conclusions, including the time of legal dissolution of a marriage and concerning the paternity of the child in the absence of any showing of nonaccess of her then legal husband at the time of the conception of the child.

■■■ For the reasons above stated, it is our opinion that because of the reliance upon the affidavit of the appellee, as an interested party, dealing with matters peculiarly within the affiant's knowledge, as well as statements in the nature of opinion evidence, the summary judgment proof submitted has not conclusively established the absence of material fact issues on the paternity question. Further, we note that the validity of that portion of the trial court's judgment regarding the appellant's legal liability for the payment of the child support adjudged against him is entirely dependent upon the ultimate determination of the paternity question. We, therefore, sustain the appellant's points of error to the extent of our holding that the summary judgment proof does not support, as a matter of law, the trial court's adjudication as to the paternity of the child in question and the consequent liability of the appellant to pay the child support required under the judgment.

In view of the foregoing, that portion of the judgment granting the appellee's motion for summary judgment on the questions of paternity and the liability of the appellant for the payment of the child support is reversed and the cause is remanded to the trial court for further proceedings. The portion of the judgment granting the divorce and awarding the custody of the child is affirmed.

Affirmed in part and reversed and remanded in part.