William FURLOW, Appellant,

v.

HARRIS COUNTY CHILD WELFARE UNIT, Appellee.

No. 16538.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 28, 1975.

Robert C. Finlay, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert D. Ford, Asst. Dist. Atty., Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment denying appellant's petition for adoption. We affirm.

Mr. Furlow filed his petition for the adoption of a baby girl in the Juvenile Court No. 3 of Harris County, Texas. He alleged that Harris County Child Welfare Unit is the managing conservator of the child. He asked a waiver of the requirement that the child live in the home of the petitioner for six months. He alleged that the parent-child relationship between the child and her mother and father had been terminated, and that the managing conservator refused to give its consent to the requested adoption, but that the refusal by the managing conservator is without good cause. He further alleged that he is the natural father of the child. The judgment rendered by the trial court provides:

"It is further ORDERED, ADJUDGED, AND DECREED that it is NOT in the best interest of the child, . . . , that Petitioner, William Furlow, be allowed to adopt her, and said adoption is denied and refused."

Prior to the introduction of evidence appellant made an oral motion "that this case be set aside until Mr. Furlow's rights are terminated by the Harris County Child Welfare Department because Child Welfare Department had notice at the time of the termination of the legal mother and father regarding the rights of this child; that Mr. Furlow was the natural father of the child, and as such under *Gomez* case and under Texas Family Code, they should and by law should be made to terminate his rights before the child be even put up for adoption, or . . . ." This motion was denied.

The appellant's only point of error reads:

"The Court committed reversible error when it overruled Petitioner's motion to have Baby Girl . . . 's adoption stayed until such time as Petitioner's rights as the child's natural father have been terminated."

Generally, a motion for new trial is not required as a prerequisite for appeal in a non-jury case. Rule 324, Texas Rules of Civil Procedure. An exception to this general principle is contained in Rule 325 providing:

"In cases of motions for continuance, or for change of venue, or other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; . . . Nothing in Rule 324 shall render a motion for new trial unnecessary in the instances mentioned in this Rule . . . ."

Appellant filed a motion for new trial, but no assignment in said motion clearly presented to the trial court his contention that the trial court erred in overruling the motion, in the nature of a plea in

abatement, that the proceedings be stayed until such time as appellant's parental rights were terminated by court decree. Appellant's point of error must be considered as waived. Rule 374, T.R.C.P.; *City of Corpus Christi v. Gregg,* 155 Tex. 537, 289 S.W.2d 746 (1956).

In argument under the sole point in his brief, appellant attempts to raise a constitutional question. Section 16.02, Vernon's Texas Codes, Ann., Family, provides that any adult is eligible to adopt a child who is a resident of this State at the time the petition for adoption is filed. Section 16.03, par. (b), supra, provides, with certain exceptions, that no petition for adoption of a child may be considered unless there has been a decree terminating the parent-child relationship as to each living parent of the child.

The word "parent" when it appears in the Family Code must be presumed to mean a parent recognized as such under the law of this State. The child in question was both conceived and born during a lawful marriage of its mother. The law presumes that the husband of the child's mother is the child's father. *Adams v. Adams,* 456 S.W.2d 222 (Tex.Civ.App.—Houston [1st Dist.], 1970, no writ history); *Gravley v. Gravley,* 353 S.W.2d 333 (Tex.Civ.App.—Dallas, 1961, writ dism'd). While the presumption of legitimacy is very strong, it can be rebutted. *Davis v. Davis,* 521 S.W.2d 603 (Tex.1975).

A child can have only two parents whose rights are recognized in law, a father and a mother. On sufficient proof that the husband of a child's mother is not the child's biological father, the biological father will be recognized as the parent of the child, and the husband of the child's mother will no longer have parental rights. Paragraph (b) of Section 16.03 of the Family Code does not prevent consideration of the petition for adoption with which we are concerned in this case. There was a decree terminating the parent-child relationship as to each living parent of the child. At that time appellant had not established in any manner the fact that he was the biological parent of the child.

In this suit appellant is not seeking custody of the child except as incident to the status of an adoptive parent. The question of whether he is the biological father of the child, and as such entitled to the custody of the child is not in issue in this case. The court was required to consider his petition for adoption, and the evidence introduced in support thereof, just as it would in the case of one not claiming to be a biological father. The court entertained the petition, heard the evidence, and determined that the best interests of the child would not be served by allowing the adoption. Appellant has not attacked this finding, which required the entry of a judgment denying the adoption.

Appellant has assigned no error requiring reversal of this cause. The constitutional question, which appellant attempts to raise, does not affect the disposition of this case, and, therefore, no opinion is expressed thereon.

The judgment is affirmed.