Opinion issued January 29, 2009  
           
 

 




                                                                                                                                             
 
 
 


                                                        

In The
Court of Appeals
For The
First District of Texas
_________

NO. 01-07-1102-CV
__________

SELENE LARA MATEOS BAQDOUNES, Appellant
v.

NAZIR BAQDOUNES, Appellee
                                       On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2006-25436

 
 
MEMORANDUM OPINION
 
          Appellant, Selene Lara Mateos Baqdounes, appeals the trial court’s grant of
summary judgment in favor of her alleged common law husband, Nazir Baqdounes. 
We reverse and remand.
Background
          In March 1988, Victor Bravo (“Victor”) and Selene Lara Mateos (“Selene”)
registered their informal marriage in Harris County, Texas. On September 6, 1988,
Selene gave birth to Bianca Bravo, the undisputed child of Victor. Victor abandoned
Selene and Bianca on or about January 1, 1989. 
          Sometime in 1990, Selene and Nazir Baqdounes (“Nazir”) moved in together
and lived together for at least the next 16 years. In 1994, Selene gave birth to Karima
Baqdounes. 
          After giving birth to Karima, Selene filed for divorce from Victor. Selene’s
divorce from Victor included a Suit Affecting the Parent-Child Relationship
(“SAPCR”) naming Bianca as the child of the Selene-Victor marriage; the SAPCR did
not mention Karima. Selene received a divorce decree on May 2, 1997. The divorce
decree named Bianca as a child of the Selene-Victor marriage and also did not mention
Karima. The Selene-Victor divorce decree was entered on May 2, 1997. Selene
continued to lived with Nazir and bore another child, Najwa Baqdounes, in 1999.
          In 2006, Selene filed a suit for divorce from Nazir and a SAPCR regarding
Karima and Najwa. In a deposition, she testified that she and Nazir had lived together
and had a common law marriage from “on or about May 3, 1997,” the day after her
divorce from Victor. Selene later amended her pleadings to state that her marriage to
Nazir occurred “on or about June 4, 1997.” Nazir filed a counter-petition to dissolve
his marriage to Selene, including a SAPCR regarding Karima and Najwa. Both Selene
and Nazir’s pleadings identified Karima and Najwa as the children of their marriage.
          Nazir sought summary judgment to void his marriage to Selene on the grounds
that (1) Selene’s prior marriage to Victor had not been properly dissolved because it
failed to include a SAPCR for Karima who was born during the time Selene was still
married to Victor, and (2) Selene had married Nazir less than 30 days after the final
judgment in her divorce from Victor. The trial court entered judgment in Nazir’s
favor, finding that the marriage between Selene and Nazir was void. 
Standard of Review
We review the granting of a summary judgment de novo.


 Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994). A traditional summary judgment under Rule
166a(c) is properly granted only when the movant establishes that there are no genuine
issues of material fact and that it is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.
2003). In deciding whether there is a disputed material fact precluding summary
judgment, evidence favorable to the nonmovant will be taken as true, every reasonable
inference must be indulged in favor of the nonmovant, and any doubts must be
resolved in favor of the nonmovant. Knott, 128 S.W.3d at 215. Where, as here, a trial
court’s order granting summary judgment does not specify the ground or grounds
relied upon for its ruling, summary judgment will be affirmed on appeal if any of the
summary judgment grounds advanced by the movant are meritorious. Dow Chem. Co.
v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (citing Carr v. Brasher, 776 S.W.2d 567,
569 (Tex. 1989)). 
Analysis
Selene argues that (1) the trial court erred by granting summary judgment on the
ground that her divorce from her first husband, Victor, was void; (2) the trial court
allowed an impermissible collateral attack on her divorce decree from Victor; (3) her
daughter, Karima, was not an indispensable party to her divorce from Victor, and thus
the failure to include Karima in that divorce decree did not render the judgment void;
and (4) the trial court erred by granting summary judgment on the grounds that Selene
admitted she entered into a common law marriage with Nazir less than 30 days
following her divorce from Victor. 
I.       Nazir’s Collateral Attack on the Selene-Victor Divorce Decree
Nazir’s attack on the prior Selene-Victor divorce judgment does not attempt to
secure the rendition of a single, correct judgment in place of an earlier one. Instead,
Nazir argues that Selene’s divorce from Victor is invalid. Nazir therefore brings a
collateral attack on the Selene-Victor divorce decree. See Solomon, Lambert, Roth &
Assocs., Inc. v. Kidd, 904 S.W.2d 896, 900 (Tex. App.—Houston [1st Dist.] 1995, no
writ); Ramsey v. Ramsey, 19 S.W.3d 548, 552 (Tex. App.—Austin 2000, no pet.) 
(holding that a collateral attack is an attempt to avoid the effect of a judgment in a
proceeding brought for some other purpose). A void judgment may be collaterally
attacked in another court of equal jurisdiction. See Browning v. Placke, 698 S.W.2d
362, 363 (Tex. 1985) (per curiam). However, a judgment is only void if the trial court
lacked jurisdiction over the parties or the subject matter in controversy. Berry v.
Berry, 786 S.W.2d 672, 673 (Tex. 1990).


 
Extrinsic evidence may not be used to establish a lack of jurisdiction in a
collateral attack. Holloway v. Starnes, 840 S.W.2d 14, 18 (Tex. App.—Dallas 1992,
writ denied); Huffstutlar v. Koons, 789 S.W.2d 707, 710 (Tex. App.—Dallas 1990,
orig. proceeding) (en banc). “If a court having potential jurisdiction renders a
judgment when the potential jurisdiction has not been activated and the defect is
apparent from the face of the judgment, then the judgment is void and subject to either
direct or collateral attack.” Waldron v. Waldron, 614 S.W.2d 648, 650 (Tex. Civ.
App.—Amarillo 1981, no writ) (emphasis in original) (citing Fulton v. Finch, 346
S.W.2d 823, 827 (Tex. 1961) (“A judgment which discloses its invalidity upon its face
anywhere at any time is a nullity and may be disregarded anywhere at any time.”)). 
If, however, a court having potential jurisdiction renders a judgment that is regular on
its face and which contains recitations stating that the court’s potential jurisdiction has
been activated, the judgment is voidable, not void, and may be set aside only by direct
attack. Id. Jurisdictional recitals in the judgment control the rest of the record so that,
even though other parts of the record show a lack of jurisdiction, if the judgment
recites the contrary, the collateral attack fails. Holloway, 840 S.W.2d at 18;
Huffstutlar, 789 S.W.2d at 710. Nazir argues that the Selene-Victor divorce judgment
is void for jurisdictional deficiencies, but Nazir must prove these deficiencies from the
face of the judgment and not from extrinsic evidence. Id.
The Selene-Victor 1997 Final Decree of Divorce jurisdictional recitals stated: 
The Court finds that the pleadings of Petitioner are in due form and
contain all the allegations, information, and prerequisites required by
law. The Court, after receiving evidence, finds that it has jurisdiction
over this cause of action and the parties and that at least 60 days have
elapsed since the date the suit was filed. The Court finds that Petitioner
has been a domiciliary of this state for at least a six-month period
preceding the filing of this action and a resident of the county in which
this suit is filed for at least a 90-day period preceding the filing of this
action. All persons entitled to citation were properly cited.                    
The precise language used in the Selene-Victor decree has been found sufficient
to establish the requisite jurisdictional bases for a valid judgment. See Ramsey, 19
S.W.3d at 552–53. Jurisdictional recitations in a judgment that is regular on its face
import absolute verity and can be attacked only directly, not collaterally. Akers v.
Simpson, 445 S.W.2d 957, 959 (Tex. 1969); Solomon, Lambert, Roth & Assocs. Inc, 
904 S.W.2d at 901. 
Nazir also supported his collateral attack on the 12-year-old Selene-Victor
divorce judgment with evidence that Karima was born during the term of the Selene-Victor marriage and thus statutory presumption mandated her joinder as a child of the
Selene-Victor marriage.


 However, Nazir’s evidence does not show a defect on the
face of the divorce judgment but presents evidence extrinsic to the recitals of the
judgment.


 Waldron, 614 S.W.2d at 650; Holloway, 840 S.W.2d at 18; Huffstutlar,
789 S.W.2d at 710. Nazir may not successfully challenge the jurisdictional recitals
which are not deficient on their face. Akers, 445 S.W.2d at 959; Solomon, Lambert,
Roth & Assocs., Inc., 904 S.W2d at 901. Accordingly, Nazir can not prevail in his
collateral attack. Simms Oil Co. v. Butcher, 55 S.W.2d 192, 194 (Tex. Civ.
App.—Dallas 1932, writ dism’d). Selene’s issues one and two are sustained. We
need not reach Selene’s third issue. 
 II.       The Selene-Nazir marriage
Nazir argues on appeal that even if the Selene-Victor divorce is valid, Selene’s
testimony that her marriage to Nazir began within 31 days of the divorce renders her
marriage to Nazir void under section 6.801 of the Family Code, which provides that
neither party to a divorce may marry a third party before the 31st day after the date the
divorce is decreed. Tex. Fam. Code. Ann. § 6.801 (Vernon 1997). Selene testified
that she was married to Nazir on May 3, 1997, one day after the Selene-Victor divorce
decree was signed. Selene’s operative pleadings state that her marriage to Nazir began
on June 4, 1997. The record supports a common law marital relationship between the
parties wherein it contains Nazir’s admission of marriage and Selene’s testimony that
the parties had agreed to be married, had lived together in Texas as husband and wife,
and had represented to others they were married since at least June 4, 1997. Tex.
Fam. Code Ann. §§ 2.401, 6.202(b) (Vernon 1997).
While a marriage is void if entered into when either party has an existing
marriage to another person which has not been dissolved by legal action or terminated
by the death of the other spouse, the later marriage becomes valid when the prior
marriage is dissolved if, after the date of the dissolution, the parties have lived
together as husband and wife and represented themselves to others as being married. 
Tex. Fam. Code Ann. §6.202(a),(b) (Vernon 1997). The term of the Selene-Nazir
marriage applies prospectively from and after the time of the dissolution of the prior
marriage to Victor. Caddel v. Caddel, 486 S.W.2d 141, 145 (Tex. Civ. App.
—Amarillo 1972, no writ); see White v. City of Quanah, 88 Tex. 14, 28 S.W. 1065
(1894). The judicial admissions in both parties’ pleadings and the clerk’s record
sufficiently support a common law marital status after June 4, 1997. Thus, we hold
that the legal marriage relationship in this case, although common law in character,
had its inception on June 4, 1997, the time of the divorce judgment in the previously
outstanding marriage between Selene and Victor, and the marriage of the parties of
this suit is valid from and after that date. We sustain Selene’s fourth issue. 
 
Conclusion
          In view of the foregoing, the judgment granting Nazir’s motion for summary
judgment is reversed and the cause is remanded to the trial court for further
proceedings consistent with this opinion. 
 
                                                   
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks and Bland.