## F. F. Ide Mfg. Co. v. Sager Mfg. Co.

1. CONTRACTS—*Can Not be Varied by Parol Testimony.*—A contract in writing can not be varied or contradicted by parol testimony.

2. SAME—*Prior Contemporaneous Agreements.*—All prior and contemporaneous oral promises and agreements on the same subject-matter are merged in the written contract.

3. CONSIGN—*The Term Defined.*—" Consign," in mercantile law, is to send goods to an agent, commission merchant, correspondent or factor, to be sold, stored, etc.

Assumpsit, for goods consigned, etc. Trial in the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Reversed April 11, 1899.

HAMMOND & WYETH, attorneys for appellant.

COVEY & COVEY, attorneys for appellee; DOW, WALKER & MARSH, of counsel.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a suit brought by appellee against appellant to recover the price, or value, of 554 bicycle saddles. It appears from the evidence that appellee had sold appellant a large number of bicycle saddles, and on May 29, 1897, held appellant's note for $126.10 then past due, and also had an open account against appellant. The latter then owned 554 bicycle saddles which it had purchased from appellee, fifty-four of which appellant had in store in Peoria, where

it did business, and the other five hundred were in the hands of an agent of appellee in Chicago. These bicycle saddles had all been manufactured by appellee for appellant, and were marked or stamped with the latter's name, "Ide." On the date above mentioned, an agent of appellee (who was also an attorney at law) visited appellant at Peoria, pressing for payment of said note and account, which it appears appellant was then unable or unprepared to make. After some conference and negotiation between the agent and appellant's officers an agreement was dictated, written out and signed by the agent of appellee, the original left with appellant, and a copy thereof transmitted to appellee soon thereafter. The contract so signed was as follows:

"Peoria, Illinois, May 29, 1897.
Sager Mfg. Co., Rochester, N. Y.

Gentlemen: Received from the F. F. Ide Mfg. Co. check for $176.10 and 554 saddles, allowing them a credit of $1.65 for each saddle, in full of note for $426.10, and open account to date, and we hereby agree to consign said 554 saddles to the F. F. Ide Mfg. Co., and bill the same to them at $1.65 per saddle, the said F. F. Ide Mfg. Co. to report on the first of each and every month thereafter, on the saddles taken from said lot as consigned, and to pay us on the first of each month for the saddles they have used from said lot.        Yours very truly,

Sager Mfg. Co.,
By Dow, Walker & Walker, Agents and Attorneys.
Dictated."

The contention in this case arises as to the proper construction to be placed on the above contract. On the part of appellant it is contended that all other and prior accounts and dealings of the parties as to the 554 bicycle saddles were merged in the new agreement, and that thereafter appellant was to receive the saddles as a consignment, to be sold and accounted for by it only as sold. On the other hand, appellee insists the agreement amounted to a sale of the whole lot of 554 saddles and claimed the right to show by parol proof that such was the intention of the parties. Against the objection of appellant the court permitted such parol proof, tending to support this contention of appellee. In this we think there was manifest error. The effect of

such proof was to change the contract from one of consignment only to that of an absolute sale. Under well known rules of law this can not be permitted. We are of the opinion the legal meaning of the contract was that the saddles were sold back to appellee, who received them and a check for $176.10 in full of its note and open account against appellant. That appellee agreed to consign said 554 saddles to appellant and to bill them to it at $1.65 per saddle, and that appellant would report on the first day of each month thereafter the number of saddles they had used during the preceding month, and would then pay appellee for the saddles so used. "To consign" is "to deposit with another to be sold, disposed of or cared for, as merchandise or movable property." (Standard Dict., title, Consign.) "Consign," in mercantile law, is "to send goods to an agent, commission merchant, correspondent or factor, to be sold, stored," etc. (Rapalje & Lawrence's Law Dict., title, Consign.) By virtue of this written contract, the title to the bicycle saddles became vested in appellee, who thereafter remained the owner thereof, subject to the right of appellant to sell the same and account for the proceeds. It appears from the evidence that appellant was unable to sell any of the saddles, and in fact sold none. On two different occasions before this suit was brought appellant notified appellee it could not sell them, giving the reason why, and that it held the fifty-four saddles subject to appellee's order. Appellee sued for the price of the 554 saddles, and in the court below, a jury being waived, recovered a judgment for $914.10. A motion for a new trial was overruled and this appeal taken.

Without the oral testimony, which we hold was erroneously admitted, appellee clearly had no cause of action, and the judgment must be reversed. There was no error in refusing the proposition of law submitted by appellant. It was not requested until after the court had decided the case, as appears by the bill of exceptions, and hence it came too late.

But for the reasons given the judgment will be reversed.