## F. R. FENET ET AL. V. ED. H. MCCUISTON ET AL.

### No. 2412. Decided June 5, 1912.

**1.—Statutory Construction—Proviso.**

A proviso in a statute is limited to the clause which next precedes it and to which it is attached, unless the language indicates to the contrary. (P. 302.)

**2.—Statutory Construction—Arbitrary Power.**

A construction of a proviso in a city charter which would confer on the city council arbitrary power to destroy the form of city government provided by the charter will not be entertained if the language is susceptible of an application which will preserve all the law intact. (P. 302.)

**3.—City Charter—Abolishing and Creating Offices.**

The Special Charter of the City of Paris created, by sections 8 and 9, the offices of Recorder, City Marshal, City Attorney, City Secretary, City Assessor and Collector, to be elected by vote of the people. Section 11 of the Charter provided ''that the offices of Assessor and Collector and City Secretary, as heretofore combined by the City Council under the name of City Secretary, may so continue at the option of the Council and said City Secretary shall perform all the duties of said offices, and shall devote his whole time to the same. Provided, further, that the City Council may combine or abolish any of the offices above named.'' Held that this last proviso applied only to the offices named in section 11, Secretary, Assessor, and Collector; that it did not empower the City Council to abolish the offices of Marshal and City Attorney, and create instead those of Chief of Police and General Attorney, to be filled by appointment; and that notwithstanding such attempted action, the City Council could be compelled by mandamus to order an election for City Marshal and City Attorney. (Pp. 300-303.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Lamar County.

Fenet and others sued McCuiston and others, and obtained a writ of error on a judgment of the Appellate Court reversing a recovery by plaintiffs in the trial court and rendering it for defendants.

*H. D. McDonald and Burdett & Connor,* for plaintiffs in error.— It is our contention that the *proviso* applies only to the offices mentioned in the same section—assessor and collector and city secretary. We claim this, first, because the act is sectionized, each section being complete within itself, and in such cases the rule of construction is to confine the operation and meaning of the *proviso* to the section in which it appears, especially where, as in this case, nothing in the language of the *proviso* would logically and reasonably seem to require its extension to other sections. If it should be thought that the letter of this *proviso* was sufficient to justify the construction claimed for it by appellants, then in view of the absurd results to which such construction would lead, the reason of the law must prevail over its letter and such consequences be avoided. Church of Holy Trinity v. United States, 143 U. S., 457. In construing statutes that in any degree invade any of the fundamental rights of the citizen—such as trial by jury, freedom of the press, religious liberty, the *elective* franchise, etc., etc., the statute must

receive a strict construction and not one tending to the invasion of fundamental rights. Sedgwick on Stat. & Const. Construction, 2nd ed., 266-7; *ex parte* Lewis, 45 Texas Crim., 1. In further support of the proposition, see Sedgwick, page 218; Endlich, secs. 184 and 186, cited with approval in City of Quanah v. White, 88 Texas, 18; Underwood v. Wilhite, (Ky.) 129 S. W., 549, and same case on rehearing in 132 S. W., 149; Roberts v. Yarbro, 41 Texas, 449; Davis v. Bohle, 92 Fed., 328; U. S. v. Kirby, 7 Wall., 486.

*Wright & Patrick,* for defendants' in error.—The defendants answer presented a legal defense in that it showed that the offices of City Marshal and City Attorney had been legally abolished by the City Council under authority specially granted in its charter by Section 11 thereof. Statutory construction: Hill v. State, 54 Texas Crim., 646; Turner v. Cross, 83 Texas, 218; State v. Fire Ins. Co., 51 S. W., 633; McDougal v. Hadley, 1 Texas, 492; Higgins v. Rinker, 47 Texas, 401; Morgan v. Davenport, 60 Texas, 234; Lufkin v. Galveston, 63 Texas, 439; Sutherland v. DeLeon, 1 Texas, 304; Aldredge v. Mardoff, 33 Texas, 207; ex parte Rodriguez, 39 Texas, 771; Railway v. Gross, 47 Texas, 735; Rosenberg v. Shafer, 51 Texas, 140; Cox v. Railway, 68 Texas, 229; Walker v. State, 7 Texas App., 245; Railway v. Todd, 94 Texas, 632; Kuttwitz v. Alexander, 34 Texas, 691; 36 Cyc., 1164-1166. Proviso: Quackenbosh v. U. S., 44 U. S., L. ed., 645; U. S. v. Dickens, 10 U. S., L. ed., 698; Miner v. U. S., 10 U. S., L. ed., 791; 36 Cyc., 1162; Graves v. State, 6 Texas App., 229; ex parte Day, 50 L. R. A., 519; Black on Int. of Laws, page 270; State v. St. Louis, 73 S. W., 623; Austin v. U. S., 39 U. S., L. ed., 206; U. S. v. Scruggs D. G. Co., 156 Fed., 940; Carter v. U. S., 143 Fed., 256; 36 Cyc., 1161; U. S. v. Babbett, 17 U. S., L. ed., 94; Mills v. M. K. & T. Ry., 94 Texas, 242. Create and abolish offices: City San Antonio v. Micklejohn, 89 Texas, 79; Palestine v. West, 37 S. W., 783; Brown v. Galveston, 97 Texas, 1; Art. 387 Rev. Stats.; Robinson v. Varnell, 16 Texas, 382; Russell v. Farquhar, 55 Texas, 359. "Any" defined: U. S. v. Palmer, 4 U. S., L. ed., 477; Johnson v. Sou. Pac., 49 U. S., L. ed., 363; Chicot Co. v. Lewis, 26 U. S., L. ed., 495. See also section 16, article 8, Constitution; Art. 387 Rev. Civil Stats.; Special Laws, 1889, page 112; Special Laws, 1899, page 35; 23 Am. and Eng. Ency. Law (2nd ed.), page 351; Honey v. Graham, 39 Texas, 1; Arberry v. Beavers, 7 Texas, 457; U. S. v. Hitchcock, 51 U. S., L. ed., 718.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The City of Paris was incorporated by special Act of the Legislature, which became a law on the 15th day of March, 1905, and was duly organized by the election and appointment of the officers named in the charter, among such officers being a City Marshal and City Attorney. The following sections of the charter are pertinent to the issue before us:

"Sec. 7. The municipal government of the City of Paris shall consist of the City Council, which shall be composed of five aldermen and the Mayor.

"Sec. 8.    The other officers of said City shall be a Recorder, City Marshal, City Attorney, City Secretary, and Assessor and Collector, City Treasurer, and such other officers and employes as the City Council may determine.

"Sec. 9.    The Recorder, City Marshal, City Attorney, City Secretary, City Assessor and Collector, shall be elected by vote of the people, and shall hold their offices for a term of two years and until their successors are elected and qualified, except as herein provided.    The compensation of said officers shall be fixed by the City Council.

"Sec. 10.    All other officers and employes of the City, except Treasurer, which is herein otherwise provided for, shall be appointed by the Mayor and confirmed by the Council, and shall perform such duties and receive such compensation as may be decided upon by the Council, and shall not be appointed at any one time for a longer term than one year, and such officers and employes may be removed either by the Mayor or by the Council at any time, upon the payment of salary or salaries to the time of discharge.

"Sec. 11.    Provided, that the offices of Assessor and Collector and City Secretary, as heretofore combined by the City Council under the name of City Secretary, may so continue at the option of the Council, and said City Secretary shall perform all the duties of said offices, and shall devote his whole time to the same.    Provided, further, that the City Council may combine or abolish any of the offices above named."

At the first election a City Marshal and a City Attorney were elected by a vote of the electors of the City.

On the 17th day of December, 1906, the City Council adopted an ordinance providing that at the expiration of the term of the City Attorney, then in office, the office should be abolished, and at the same time the City Council adopted another ordinance creating the office of General Attorney for the City.    At the same meeting the City Council adopted an ordinance abolishing the office of City Marshal and another creating the office of Chief of Police.    At the ensuing election the offices of City Marshal and City Attorney were not filled, but the Council appointed a General Attorney and a Chief of Police.    This suit was instituted to compel the City Council of said City to order an election for City Attorney and for City Marshal.    Upon trial before the judge of the District Court the writ of mandamus was awarded, from which judgment appeal was taken to the Court of Civil Appeals of the Sixth District, which court reversed said judgment and rendered judgment for the defendants, McCuiston and others.

The City Council claims that it was empowered to abolish the offices of City Attorney and City Marshal by section 11 of the charter, copied above.    The section is composed of two provisos; the first had the effect to continue as one officer three of those named in section 9, which provides that a City Secretary and a City Assessor and Collector shall be elected by "a vote of the people."    But to prevent thereby a disturbance of existing conditions section 11 was introduced as a proviso to preserve as it then existed "the office of

City Secretary'' in which all three were combined; and, still to secure to the City control of the subject, the second proviso was added ''that the City Council may combine all,'' as they then were, or might combine any two, or the Council might abolish any one of the three or all of them.

The rule for construction of provisos is that ''a proviso is limited to the clause which next precedes it and to which it is attached, unless the language indicates to the contrary.'' City of Quanah v. White, 88 Texas, 18. That case is directly in point. The following portion of article 541, Revised Statutes, was under consideration: ''When any corporation is abolished as provided in the preceding article, or if any de facto corporation shall be declared void by any court of competent jurisdiction, or if the same shall cease to operate and exercise the functions of such de facto corporation, all the property belonging thereto shall be turned over to the County Treasurer of the county, and the Commissioners' Court of the county shall provide for the sale and disposition of the same, and for the settlement of the debts due by the corporation, and for this purpose shall have power to levy and collect a tax from the inhabitants of said town or village, in the same manner as the corporation would be entitled to under the provisions of this chapter; provided, that when any town or city shall reincorporate under chapters 1 or 2 of title 17 of the Revised Civil Statutes of this State, upon a majority (vote) of the legal voters, taxpaying property holders of said town or city, all property, real and personal, of the old or de facto corporation shall be vested in the new one; provided further, that the new corporation shall assume all the indebtedness, contracts and obligations of the old corporation; provided, where cities and towns have reincorporated under chapters 1 or 2 of title 17 of the Revised Civil Statutes prior to the adoption of this Act, upon a majority vote of the taxpaying property owners of said city or town, all property, real or personal, of the old or de facto corporation shall be vested in the new one; and provided further, that the new corporation shall assume all the legal indebtedness, contracts and new obligations of the old corporation.'' The question was under which of the methods of reincorporation the law would impose the debts of the old upon the new corporation. This court applied the rule that the proviso, which imposed the debts of the old upon the new corporation, referred to the next preceding clause of the statute. This rule is universal. We cite a few authorities. The Dollar Savings Bank v. United States, 19 Wall., 227; DeGraff v. Went, 164 Ill., 485; Lewis' Sutherland, Stat. Const., vol. 2, 2nd ed., secs. 352, 489, 490.

The construction placed upon the statute by the Court of Civil Appeals would confer arbitrary power and would distinguish the charter from anything which had preceded it, and would empower the Council to destroy the city government. A construction which might produce such absurd results will not be applied if the language is susceptible of an application which will preserve all of the law intact. Lewis, Construction of Laws, 490.

Under the former incorporation the office of Assessor, Collector and Secretary were combined. Section 9 of the charter would have

dissolved that combination to prevent which section 11, embodying two provisos, was introduced, by the first the existing combination of the three offices was continued, and, to qualify that proviso and preserve the power of the City over the three offices, the second was introduced, which, in its very terms, refers to the preceding proviso.

The Standard Dictionary gives as one of the definitions of the word "above," "that which precedes or is just before." Looking at the entire section of the bill it is evident that section 11 deals only with the three offices mentioned, and the language, "any of the offices above named," referred to the offices last named. That is the only section of the charter that mentions the power to combine offices and we are of opinion that the natural construction is that which refers to the qualifying terms of the last proviso to the next preceding proviso.

The use of the word "any" is of no consequence in this construction; it has the sense of "either" or "any one," and will not be permitted to destroy the evident intention of the Legislature.

We are of opinion that the City Council had no authority to abolish either of the offices of City Attorney or City Marshal, and that the Honorable Court of Civil Appeals erred in reversing the judgment of the District Court and in rendering judgment against plaintiffs in error. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Affirmed.*