

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 6, 1960

Dr. J. W. Edgar
Commissioner of Education
Austin, Texas

Dear Dr. Edgar:

Opinion No. WW-931

Re: Application of Article
2900a to the Houston
Independent School
District under the
stated facts.

You have asked for the opinion of this office on the following recitation:

"On or about the 26th day of December, 1956, several plaintiffs filed an original complaint in the United States District Court for the Southern District of Texas against the Houston Independent School District on the authority of Brown v. Board of Education, to speed the process of desegregation of the Houston Independent School District. The Defendant District duly answered the complaint and the case was called to trial on May 20, 1957, after which the Court entered its order on the 15th day of October, 1957, that the Houston Independent School District commence desegregation on a non-discriminatory basis from and after such time as necessary arrangements could be made.

"Article 2900a, Texas Civil Statutes, was passed by the Texas Legislature. This Statute became effective August 23, 1957, after which the Houston Independent School District has made efforts to comply therewith. In order to comply with Article 2900a, the Houston Independent School District caused petitions to be executed by some 87,000 qualified electors residing in the district, which was far in excess of the 20% required by the Statute. Thereafter an election was held in which the majority of the qualified electors voted not to abolish the dual public school system. In short,

the Houston Independent School District has done everything possible to comply with both State and Federal law.

"Thereafter, on the 12th day of August, 1960, the Federal District Court issued its order requiring desegregation in the Houston Independent School District commencing in the first grade. A copy of said order is attached.

"Obviously, the Houston Independent School District is confronted with the dilemma of losing its accreditation and its Foundation Program Funds and complying with the mandate of the Federal District Court. It should be observed that the dual public school system as such has not been abolished in that there will remain segregated systems except for the first grade in this present scholastic year. Moreover, the Board of Trustees has not abolished the dual public school system nor has the Board of Trustees abolished allowance for transfer out of the district. In short, the Federal District Court rather than the Board of Trustees has brought about the noncompliance of the Houston Independent School District with Article 2900a."

You state that: "The dual public school system as such has not been abolished . . ." It is unnecessary to pass upon that question in the present opinion.

The answer to your question hinges upon the construction to be accorded Section 1 of Article 2900a, which provides as follows:

"That no board of trustees nor any other school authority shall have the right to abolish the dual public school system . . . unless by a prior vote of the qualified electors residing in such district the dual school system is abolished."

Prior to the enactment of Article 2900a, the Supreme Court of the United States had held that racial discrimination in public education was violative of the Constitution of the United States. Brown v. Board of Education, 347 U.S. 483, 349 U.S. 294. However, as the Supreme Court of Texas pointed out in McKinney v. Blankenship, 282 S.W.2d 691, the Court in the Brown case did not direct immediate and complete integration in all schools. The Court recognized, and has since recognized,

by a long line of decisions, that time would be required, the length of which would be largely dependent upon local conditions, for the full accomplishment of its decree.

We believe that a careful reading of Article 2900a evidences recognition by the Legislature of Texas that hasty and precipitate action by the school districts of the State in making the transition from racially segregated to integrated schools could conceivably impede the effectiveness of our schools. The language of the Act furnishes ample justification for the conclusion that it was designed to legally achieve the maximum time for making the transition.

It is significant that Section 1, above quoted, provides that "no school board or other school authority" shall have the right to abolish the dual system of public schools. The pains and penalties of the Act are evidently applicable only if the dual system is abolished by either: (1) the school board, or (2) other school authority. The Act provides no penalty where the dual system is abolished by judicial decree. This leads us to the question: By what authority has the dual system of public schools been abolished in the Houston Independent School District? The school board has entered no order calling for abolition of the dual system. In fact, the board felt impelled, for reasons it deemed sufficient, to offer legal resistance to the entry of the order which was in fact entered and is now in the process of perfecting an appeal from that order. In this connection, it is significant that Article 2900a provides no penalty where the dual system of public schools is abolished by judicial decree. Such is the case here, and hence we must conclude that the dual system of public schools for the Houston Independent School District has not been abolished by the "board of trustees or other school authority," as prescribed by Article 2900a.

This Article provides in substance that any person who violates the Act will be guilty of a misdemeanor and shall be fined not less than $100 nor more than $1000. Should we construe the Act as prohibiting abolishment of the dual school system by judicial decree, such as we have here, it would be tantamount to placing the local school board in a legal dilemma, with their prosecution assured by either State or Federal authority, and from which there could be no extracation. If they sought to impede or obstruct the execution of the Federal Court decree the members of the school board would thereby render themselves subject to contempt by the Federal courts. On the other hand, if they did not prevent execution of the decree they would subject themselves to a

possible fine of not to exceed $1000 under the State law. It has been said that a court will never adopt a construction that . . . will lead to absurd conclusions or consequences if the language of the enactment is susceptible of any other meaning. 39 Tex.Jur., Statutes, Section 118, Staples v. State, 112 Tex. 61, 245 S.W. 639; Fenet v. McCuistion, 105 Tex. 299, 147 S.W. 867; Shipley v. Floydada Independent School District (Comm.App.), 250 S.W. 159.

We believe that the construction which we have accorded to the statute is not only in keeping with the actual language employed but is calculated to achieve the evident purpose of the enactment as well. This conclusion is in accordance with the argument advanced by the Houston School Board.

## SUMMARY

Under the facts as stated, the Board of Trustees of the Houston Independent School District, or other school authority, has not abolished the dual system of public schools within the meaning of Article 2900a, Vernon's Civil Statutes, and hence neither the school district nor its trustees are subject to the penalties of said Article.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
First Assistant

LP:dhs

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Gordon Cass
Houghton Brownlee, Jr.
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY: Henry Braswell