

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 30, 1962

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1425

Re: Whether, under the
facts stated, a school
district may grant cer-
tain requested transfers
of pupils without invok-
ing the penalties pre-
scribed in Section 4 of
Article 2900a, Vernon's
Dear Dr. Edgar:                          Civil Statutes.

      You have requested an opinion from this office upon
the question of:

      "Legally, may a school district grant
or allow such requested transfers of pupils
without invoking the penalties prescribed
in Section 4 of Article 2900a, where the cur-
rent dual school system has not been abolished
by an election or final court decree?"

      In connection with the question posed you set forth
the further information that:

      "A Texas school district has not abolish-
ed its dual school system in the manner authoriz-
ed in Sections 1 and 2 of Article 2900a; no peti-
tion prerequisite to the calling of an election
therefor having been initiated or presented. Since
it did not maintain integrated schools for the
1956-57 school year, it does not come within the
exception set out in Section 3. Its dual system,
operation of a twelve-grade system separately for
each race, has not been abolished by judicial
decree; nor is the district currently engaged in
litigation of the nature involved in Opinion WW-931.

      "Recently its school board has received an
application from a Negro parent resident requesting
transfer of his children previously enrolled in the
district Negro school to enrollment in its white at-
tendants school for the 1962-63 school year, begin-
ning September.'

Section 1 of Article 2900a, Vernon's Civil Statutes, provides:

"That no board of trustees nor any other school authority shall have the right to abolish the dual public school system nor to abolish arrangements for transfer out of the district for students of any minority race, unless by a prior vote of the qualified electors residing in such district the dual school system therein is abolished."

Section 4 of Article 2900a provides that:

"Any school district wherein the board of trustees shall violate any of the above provisions shall be ineligible for accreditation and ineligible to receive any Foundation Program Funds during the period of time of such violation. Any person who violates any provision hereof shall be guilty of a misdemeanor and shall be fined not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000)."

Section 3 of Article 2900a provides that:

"School districts which maintained integrated schools for the 1956-1957 school year shall be permitted to continue doing so hereafter unless such system is abolished in accordance with the provisions of this Act. No student shall be denied transfer from one school to another because of race or color." (Emphasis added).

As the last sentence of Section 3 of Article 2900a provides that a student's race or color cannot be a factor in denying the transfer of such student from one public school to another, the question is raised in regard to the facts posed in the instant case, as to what effect this has upon the provisions contained in Section 1 of Article 2900a that no board of trustees or other school authority shall have the authority to abolish the dual public school system except after an election as provided for pursuant to Article 2900a. Put in another way-- does the last sentence of Section 3 of Article 2900a offer a means by which the language and effect of Section 1 of Article 2900a can be circumvented?

39 Tex. Jur. 222, Statutes, Sec. 118, provides that:

Honorable J. W. Edgar, page 3 (WW-1425)

> "The court will never adopt a construction
> that will make a statute absurd or ridiculous, or
> one that will lead to absurd conclusions or conse-
> quences, if the language of the enactment is sus-
> ceptible of any other meaning.  Nor will application
> be made of any rule of construction that, in the
> circumstances, will lead to absurdity.  Thus it has
> been decided that a statute or provision should not
> be given a construction rendering it fruitless, fu-
> tile, meaningless, purposeless, or useless, when
> the language can be otherwise construed.  The
> reason of the rule is that the Legislature is not
> to be credited with doing or intending a foolish,
> useless or vain thing, nor with requiring a fu-
> tile, impossible or useless thing to be done."

To give both a literal and general effect to the phrase contained in Section 3 of Article 2900a that:

> ". . .No student shall be denied transfer
> from one school to another because of race or
> color.",

would be to completely ignore the remaining provisions con-
tained in Article 2900a and thus nullify or render ineffective
those provisions of Article 2900a which deal with the method
set forth by the Legislature for abolishing dual school systems.
To give a construction to the above-quoted phrase which would in
effect allow the board of trustees of a school district to cir-
cumvent the express provisions of Section 1, Section 2, and Sec-
tion 4 of Article 2900a, by abolishing the dual school system
by the method of transfers rather than the method of election
prescribed by the Legislature, would be contrary to the rules
of statutory construction laid down by the courts of this State.

The Court in the case of Davis v. Estes, 44 S.W.2d
952 (Comm.App. 1932) stated that:

> "It is a familiar rule of construction that,
> if a statute be subject to two interpretations,
> it should not be given one that would render it
> impossible of enforcement. . . ."

Also, the Supreme Court of Texas held in Lone Star Gas Company
v. Sheaner, 157 Tex. 508, 305 S.W.2d 150 (1959) that:

> ". . .Courts will construe the language
> of a statute liberally to attain its true objective,

but not to destroy or reduce its effective-
ness." (Emphasis added)

In yet another case, the Supreme Court stated in Brazos River
Conservation and Reclamation District v. Costello, 135 Tex. 307,
143 S.W.2d 577 (1940) that:

". . .The dominant rule controlling the
construction of a statute is to ascertain the
intention of the Legislature expressed there-
in. An Act should be given a fair and sensible
construction, in order to carry out the pur-
poses for which it was enacted, and not be
construed in such manner as to nullify or
defeat its purposes. . . ." (Emphasis added)

A reading of Article 2900a as a whole clearly reveals
that the intent of this enactment was to provide for local op-
tion elections in school districts to determine whether to main-
tain or abolish a dual school system. The very purpose of the
Act is completely nullified, however, if a construction is given
to the last sentence of Section 3 of Article 2900a which would
allow the dual school system to be abolished by means of indi-
vidual transfer of students rather than by election.

We are of the opinion that the last sentence of Sec-
tion 3 of Article 2900a must be construed to relate solely to
the provisions of Section 3 of Article 2900a. This, we feel is
consistent with the principle stated in 39 Tex.Jur. 209, Statutes,
§113 that:

". . .a statute be construed as a whole
and that all of its parts be harmonized, if
possible, so as to give effect to the entire
act according to the evident intention of the
Legislature. . .It follows that a provision
will not be given a meaning out of harmony
with other provisions and inconsistent with
the purpose of the act, although it would be
susceptible of such construction if standing
alone."

In addition, the last sentence of Section 3 of Article 2900a
amounts to what is known in statutory construction as a "proviso."
39 Tex. Jur. 192, Statutes, §102, states that:

"Generally a proviso is construed in con-
nection with the article or section of which it

forms a part, . . .

"Ordinarily a proviso is limited to the
clause which next precedes it and to which it
is attached. . . ." (Emphasis added)

See also, Fenet v. McCuistion, 105 Tex. 299, 147 S.W. 867 (1912).

In view of these rules of statutory construction
laid down by our courts, we are of the opinion that the phrase,
". . .No student shall be denied transfer from one school to
another because of race or color.", contained in Section 3 of
Article 2900a, cannot be used as a method of circumventing the
other provisions set forth in Section 1, Section 2, and Section
4 of Article 2900a, but must be restricted in application to the
provisions contained in Section 3 of Article 2900a.

Therefore, we are of the further opinion that no
board of trustees of a school district or other school authority
may transfer students, pursuant to the provision contained in
Section 3 of Article 2900a, without incurring the penalities con-
tained in Section 4 of Article 2900a, unless the provisions of
Section 1 and Section 2 of Article 2900a are first complied with,
if the result and effect of such transfers would be to abolish
the dual school system within a school district. We are not
passing upon the constitutionality of the quoted statutes.

### S U M M A R Y

No board of trustees of a school district or
other school authority may transfer students, pur-
suant to the provision contained in Section 3 of
Article 2900a, without incurring the penalities
contained in Section 4 of Article 2900a, unless
the provisions of Section 1 and Section 2 of Ar-
ticle 2900a are first complied with, if the result
and effect of such transfers would be to abolish
the dual school system within a school district.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Pat Bailey

Pat Bailey
Assistant

PB:wb:ms:mkh

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
F. R. Booth
Scranton Jones
Robert Rowland
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore