

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 18, 1974

The Honorable Bernard Solomon
Criminal District Attorney
P. O. Box 776
Marshall, Texas 75670

Opinion No. H- 479

Re: When under article 7150f,
V. T. C. S. raw materials
purchased outside the state
are exempted from taxation
as property moving in inter-
state commerce.

Dear Mr. Solomon:

We have received your request concerning the construction of article 7150f, V. T. C. S., which provides a tax exemption for property moving in interstate commerce.

Article 7150f is as follows:

> All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs, rules, and regulations approved by the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination, if not detained within this State for a period of more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State; provided, that goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing

> or fabricating purposes; providing further that
> personal property consigned for sale within this
> State must be assessed as any other personal
> property. Provided further, that all laws and
> parts of laws in conflict herewith are hereby repealed
> to the extent of such conflict only.

The first portion of the statute exempts some property consigned to one in this State when it is entitled to pass through the State at through rates subject to a 90 day limitation. The second portion of the statute exempts some property detained for less than nine months for the purpose of assembly, storage, manufacturing, processing, or fabrication. While this portion is not expressly limited to consigned materials, it is our opinion that the statute should be so construed. Ordinarily "a proviso is limited to the clause that next precedes it and to which it is attached . . . " White v. City of Quanah, 28 S. W. 1065 (Tex. Sup. 1894); Fenet v. McCuistion, 147 S. W. 867 (Tex. Sup. 1912); Galveston & W. Ry. Co. v. City of Galveston, 155 S. W. 273 (Tex. Civ. App. --Galveston 1913, no writ). In addition, tax exemptions are to be strictly construed against the exemption. Radio Bible Hour, Inc. v. Hurst-Euless Independent School District, 341 S. W. 2d 467 (Tex. Civ. App. --Ft. Worth 1960, writ ref. n. r. e.); City of Amarillo v. Love, 356 S. W. 2d 325 (Tex. Civ. App. --Amarillo 1962, writ ref. n. r. e.). The second portion of article 7150f should therefore be construed as modifying the first portion and consequently exempts only consigned goods. The third portion of article 7150f expressly states that goods consigned for sale within this State are not exempted from taxation.

Whether property is consigned rather than sold is a question of fact. Consigned property is that which is deposited with another for care or sale, title to which remains with the consignor. Sturm v. Boker, 150 U. S. 312 (1893); Dittmar v. Norman, 118 Mass. 319 (Sup. Jud. Ct. Mass. 1875); Rolker v. Great Western Ins. Co., N. Y., 4 Abb. App. Dec. 76 (N. Y. 1866); Edwards v. Baldwin Piano Co., 83 So. 915 (Fla. 1920); F. F. Ide Mfg. Co. v. Sager Mfg. Co., 82 Ill. App. 685 (Ill. 1899). Therefore, article 7150f excepts from taxation only that property deposited with another for care, processing, or sale outside this State, title to which is not transferred to the recipient of the property.

The different time limitations of article 7150f are applicable to different dispositions of the property consigned.  If the property is consigned for the primary purposes of assembly, storage, manufacturing, processing, or fabrication, the nine month limitation is applicable; however, if the property is consigned for some other primary purpose, such as transportation or sale, the 90 day limitation is applicable.  The primary use of the property, as distinguished from an incidental use, determines the extent to which it is exempt from taxation.  Attorney General Opinion H-342 (1974). Hilltop Village, Inc. v. Kerrville Independent School District, 426 S. W. 2d 943 (Tex. Sup. 1968).

SUMMARY

If property is not consigned it does not qualify for the tax exemption provided in article 7150f. Consigned property is that which is deposited with another for care or sale, title to which remains with the consignor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg