**VICTOR EQUIPMENT COMPANY**

v.

**DENTON INDEPENDENT SCHOOL DISTRICT et al.**

**No. 17810.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 25, 1977.

Rehearing Denied March 25, 1977.

Kelsey & Wood, and Richard H. Kelsey, Denton, for appellant.

George Hopkins, Denton, for appellee Denton Independent School District.

Paul C. Isham, Denton, for appellee City of Denton.

OPINION

MASSEY, Chief Justice.

The appeal is from a judgment for defendants, Denton Independent School Dis-

trict and the City of Denton, Texas, in denial of petition of plaintiff, Victor Equipment Company, a corporation, for injunction against levy, assessment, or collection of personal property *ad valorem* taxes on certain of its property, and in refusal of plaintiff's request for declaratory judgment relative to rights, duties, liabilities and responsibilities of all parties.

We affirm.

For the year of 1975 both the City and the School District sought taxes of Victor Equipment in the amount of $103,870.37, in part at least upon personal property which such plaintiff contends was improperly assessed and levied, being the portion of the total tax demand it denies obligation to pay.

Involved is the "Free Port Law", enacted by the legislature in 1963, viz:

"*All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs, rules, and regulations approved by the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination*, if not detained within this State for a period of more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State; *provided, that goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not (to be) subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes*; providing further that personal property consigned for sale within this State must be assessed as any other personal property. Provided further, that all laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict only." (Emphasis supplied to narrow issues to those actually involved on the instant appeal.) V.A.T.S. Art. 7150f, "(Taxation)— Property moving in interstate commerce".

Victor Equipment contends by the Texas article the subject property is not available for purposes of Texas taxation; furthermore, it avers its contention to be supported by a case of the Supreme Court of Oklahoma. *In re Assess. of 1969, Crescent Precision Prod. Inc.,* 514 P.2d 933 (Okla.Sup. 1973). In that case provisions identical to those under scrutiny were part of the Oklahoma Constitution. In Texas the provisions are statutory.

It appears that the Oklahoma case dealt with property shipped by out-of-state consignors to Crescent in Oklahoma. In Oklahoma, Crescent proceeded to process the same by manufacturing, and then after processing but within nine (9) months from receipt of all property altered or assembled, etc., shipped the product to out-of-state consignees. It was in the capacity of "consignor" owner that Crescent made its own shipments. There was no indication of incorporation into Crescent's finished product any property received from intrastate consignors.

In our case the contrary was true. In any event there was inability by Victor Equipment to show any instance where it was not, as well as inability to make apportionment in its finished product of the parts incorporated therein which represented property received from those of its suppliers who were out-of-state consignors shipping to Victor Equipment. The Oklahoma case may therefore be distinguished. Even were the situations identical, we would refuse to honor the construction of the Oklahoma court.

Construction of Art. 7150f was the subject of Attorney General Opinion No. H–479, dated December 18, 1974. The portion thereof which relates to the nine (9) month retention of goods, wares and merchandise held for assembly, manufacturing, processing or fabricating purposes is approved and adopted. We quote therefrom:

" . . . While this portion is not expressly limited to consigned materials, it is our opinion that the statute should be so construed. Ordinarily 'a proviso is limited

to the clause that next precedes it and to which it is attached . . . ' *White v. City of Quanah* [88 Tex. 14], 28 S.W. 1065 (Tex.Sup.1894); *Fenet v. McCuistion* [105 Tex. 299], 147 S.W. 867 (Tex.Sup.1912); *Galveston & W. Ry. Co. v. City of Galveston*, 155 S.W. 273 (Tex.Civ.App.—Galveston 1913, no writ). In addition, tax exemptions are to be strictly construed against the exemption. *Radio Bible Hour, Inc. v. Hurst-Euless Independent School District*, 341 S.W.2d 467 (Tex.Civ.App.—Ft. Worth 1960, writ ref. n.r.e.); *City of Amarillo v. Love*, 356 S.W.2d 325 (Tex.Civ.App.—Amarillo 1962, writ ref. n.r.e.). The second portion of article 7150f should therefore be construed as modifying the first portion and consequently exempts only consigned goods. . . .

"Whether property is consigned rather than sold is a question of fact. Consigned property is that which is deposited with another for care or sale, title to which remains with the consignor. *Sturm v. Boker*, 150 U.S. 312 [14 S.Ct. 99, 37 L.Ed. 1093] (1893); *Dittmer v. Norman*, 118 Mass. 319 (Sup.Jud.Ct.Mass.1875); *Rolker v. Great Western Ins. Co., N.Y.*, 4 Abb.App.Dec. 76 (N.Y.1866); *Edwards v. Baldwin Piano Co.* [79 Fla. 143], 83 So. 915 (Fla.1920); *F. F. Ide Mfg. Co. v. Sager Mfg. Co.*, 82 Ill.App. 685 (Ill.1899). Therefore article 7510f excepts from taxation only that property deposited with another for care, processing, or sale outside this State, title to which is not transferred to the recipient of the property."

On trial below only one witness testified, that being Rudy Menn, controller for Victor Equipment Company. At the conclusion of his testimony Victor Equipment rested, and at the same time the City and the School District rested.

■ We are of the opinion, and hold, that the witness' credibility was cast in issue. At all material times and at time of trial Mr. Menn was an employee of Victor Equipment, charged by the corporation to handle its *ad valorem* tax matters with the City and School District. The facts to which the witness testified were not such which if untrue might have been readily contradicted by either defendant. As the fact-finder the trial court was entitled to refuse to believe his testimony. *James T. Taylor & Son, Inc. v. Arlington Independent School District*, 160 Tex. 617, 335 S.W.2d 371, 376 (1960).

■ The importance of that to which Mr. Menn testified could only have had relation to personal property consigned from out-of-state consignors to Victor Equipment as owner/consignee, for eventual delivery to ultimate consignees outside the State of Texas (after work was performed by Victor Equipment in interruption of the shipment), and by our statutory construction an owner/consignee is not aided thereby. Even if Menn's testimony had been believed the judgment of the trial court would have been proper. There was absence of property identification in any event, plus admitted intermingling and/or integration of property received from "in state" consignors with that received from "out-of-state" consignors. Actually the only thing which Victor Equipment proved was that within nine (9) months there was actual complete "turn over" of inventory accumulated as consignee from consignors interstate and intrastate. That proof did not show entitlement to relief.

Victor Equipment failed to make out a case for injunction. This was because of its failure to identify any property sought to be taxed which was on consignment from a "consignor" without the State to an ultimate "consignee" without the State, and, pursuant to a transaction where as result of processing by Victor Equipment in Texas delivery to the ultimate consignee had not been delayed for more than a nine (9) month period by the "pause" in Texas for that purpose.

It was further obvious, and actually represented by Mr. Menn, that even if some individual transaction might have enabled property to be segregated it was nevertheless property of which Victor Equipment was original "consignee" and owner, and as applied to which, upon resale to another, it would become "consignor".

A complaint by point of error is that we should reverse and remand because of the refusal by the trial court to render a judgment which spelled out the rights, duties, liabilities and responsibilities of the parties. See V.A.T.S. Art. 2524–1, "Uniform Declaratory Judgments Act"; and 19 Tex.Jur.2d p. 140, et seq., under the subject chapter on "Declaratory Relief".

What Victor Equipment desired from the trial court was a construction of Article 7150f, with application of the same to the facts and circumstances displayed by the evidence. Here there has been rendered a judgment which by necessary implication included whatever declaration there might be to which Victor Equipment was entitled. Victor Equipment sought to avail itself of benefits by the statutory article; the trial court, in its denial of injunction, necessarily held that by the facts proved it was not entitled to the benefits.

By the statutory construction made of Art. 7150f set out in this opinion Victor Equipment knows the law, at least until such time there is contrary construction by the Supreme Court. A fundamental principle is that no occasion for remand to the trial court is presented where to do so would be of no avail to a complainant.

All points of error presented have been severally considered. All are overruled.