**AMPLIFONE CORPORATION,**
Appellant,

v.

**CAMERON COUNTY, Texas, Appellee.**

No. 1362.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 8, 1979.

Stephen E. Ulrich, Royston, Rayzor, Vickery & Williams, Brownsville, for appellant.

Seldon N. Snedeker, Dist. Atty., Brownsville, for appellee.

OPINION

BISSETT, Justice.

This is an ad valorem tax case wherein Amplifone Corporation sought a refund of ad valorem taxes paid to Cameron County, Texas, during the years 1972, 1973 and 1974, and a declaratory judgment that certain of its personal property was exempt from taxation during the 1975 tax year and all future years by virtue of Tex.Rev.Civ. Stat.Ann. art. 7150f. Trial was to the

court, which rendered judgment that the plaintiff take nothing in its action for a refund of taxes for the years in question and that the defendant recover all ad valorem taxes on the property in question shown by the Tax Rolls to be due for the 1975 tax year. Amplifone Corporation, plaintiff, has appealed. We affirm.

The case reaches this Court on a single point of error. Plaintiff contends that the trial court erred in rendering judgment for Cameron County, defendant, because the property in question was exempt from taxation under the provision of the above mentioned statute.

The taxes in question are taxes which have been levied by the defendant on certain personal property, hereinafter sometimes described as "component parts," owned by plaintiff. In the course of the years in question, plaintiff, who was in the business of assembling and distributing electronic items, purchased and received many component parts from many suppliers, all of which were outside of Texas. These component parts were then assembled by plaintiff into sophisticated items and shipped by it to places outside of this State.

During the years 1972, 1973 and 1974, the total amount of ad valorem taxes paid by plaintiff to defendant on such component parts amounted to $3,558.20. Then, in 1975, plaintiff tendered defendant $1,117.92, an amount allegedly representing the total ad valorem tax due on all of plaintiff's taxable property, except for the component parts. Defendant refused to accept this tender and plaintiff then instituted this suit for a refund of the taxes paid on the component parts during 1972–74 and for a declaratory judgment, as aforesaid. To use plaintiff's legal characterization of the issue, the 1972–74 taxes were paid because of a "mutual mistake of fact or law."

The alleged mistake of fact or of law which constitutes the basis of plaintiff's suit revolves around the intent of the Legislature in 1963, when Tex.Rev.Civ.Stat.Ann. art. 7150f was enacted, which, according to plaintiff, was "clarified" in 1977, when the statute was amended. As originally passed, the statute, in pertinent part, provided:

"Section 1. All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs rules, and regulations approved by the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination, if not detained within this state for a period of more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State; *provided, that goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly storage, manufacturing, processing or fabricating purposes;* providing further that personal property consigned for sale within this State must be assessed as any other personal property. . . ." (Emphasis supplied).

The statute was amended by the 65th Legislature, effective August 29, 1977. The amendment, insofar as this appeal is concerned, along with its explanatory preamble, reads:

"An Act relating to taxation or exemption from taxation with respect to certain personal property; *relating to clarifying that certain tangible personal property need not be consigned to qualify for freeport protection;* amending Section 1, Chapter 208, Act of the 58th Legislature, Regular Session, 1963 (Article 7150f, Vernon's Texas Civil Statutes); and declaring an emergency.

Be it enacted by the Legislature of the State of Texas:

Section 1. Section 1, Chapter 208, Acts of the 58th Legislature, Regular Session, 1963 (Article 7150f, Vernon's Texas Civil Statutes) is amended to read as follows: Section 1.

'All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs, rules, and regulations approved the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination, if not detained within this State for a period of more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State. *Goods, wares, ores, and merchandise originating outside this State, whether consigned to or owned by a taxpayer, shall be deemed to be located in this State for only a temporary period, do not acquire taxable situs in this State, and are not subject to taxation in this State if not detained more than nine (9) months and if such goods, wares, ores, and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes.* It is further provided that personal property originating outside this State and transported into this State for sale within this State must be assessed as any other personal property. . . ." (Emphasis supplied).

Article 7150f was construed in *Victor Equipment Company v. Denton Independent School District*, 548 S.W.2d 464 (Tex. Civ.App.—Fort Worth 1977, writ ref'd n. r. e.). It was held by the Fort Worth Court of Civil Appeals that the statute "excepts from taxation" *only* consigned property. We agree.

In the case at bar, it is undisputed that for the years 1972, 1973 and 1974, 1) the component parts were shipped by out of state suppliers to plaintiff at its place of business in Brownsville, Texas; 2) such items were detained in Texas by plaintiff for nine (9) months or less; 3) they were assembled, processed and shipped to places outside Texas; 4) none of such items were sold in Texas; and 5) none of the component parts were consigned to plaintiff, but all such items were purchased and owned by plaintiff. Therefore, under the construction of the statute by the Court in the *Victor Equipment Company* case, which was decided on February 25, 1977 (some six months before the effective date of the 1977 amendment), all such property for the years 1972, 1973, 1974 and 1975 were taxable to plaintiff.

It is further undisputed that 1) plaintiff voluntarily signed and delivered personal property renditions to defendant for the years 1972, 1973 and 1974; 2) each of these renditions included the component parts; and 3) plaintiff voluntarily paid $3,558.20 (the sum sought to be refunded) as ad valorem taxes on the component parts for those years. There is no evidence that plaintiff, prior to paying said amount of money as taxes, claimed that such property was exempt.

■ Our Supreme Court has consistently held that, absent duress, the voluntary payment of an illegal tax will not support a claim for repayment. *State v. Connecticut General Life Insurance Co.*, 382 S.W.2d 745 (Tex.Sup.1964); *City of Houston v. Feeser*, 76 Tex. 365, 13 S.W. 266 (1890). There is no showing of duress in the case at bar. Furthermore, we reject the plaintiff's contention that a mistake of law will excuse it from the consequences of a voluntary payment without protest. *Feeser*, supra. Consequently, we hold that under the record here presented, plaintiff is not entitled to a refund for the ad valorem taxes paid by it in 1972, 1973 and 1974.

Plaintiff's argument in support of its position is essentially that the 1977 amendment to article 7150f shows the Legislature's original intent to exempt the properties described therein from taxation when it drafted and passed the statute in 1963. In effect, it says that the Fort Worth Court of Civil Appeals was wrong in its construction of the statute, and that this Court, because of the language which appears in the preamble to the 1977 amendatory act, is free to apply the law in the manner which the Legislature intended it to apply, which will authorize us to declare that the component parts were exempt from taxation for the years 1972–1975.

**570**

In disagreeing with the plaintiff, we adhere to the rule that a Legislature may not construe a former law so as to give such construction a retroactive operation. Such is an invasion of the province of the courts. *Rowan Oil Co. v. Texas Employment Commission,* 152 Tex. 607, 263 S.W.2d 140 (1953); *Snyder v. Compton,* 87 Tex. 374, 28 S.W. 1061 (1894). In the case at bar, to interpret the old article 7150f according to the plaintiff's views by using the wording of an amendment to that article drafted fourteen years after the original article was enacted would, in effect, sanction retroactive application of the amendment. It is, of course, well-established that an amendment is presumed to operate prospectively only. *Deacon v. City of Euless,* 405 S.W.2d 59 (Tex.Sup.1966). Moreover, the old article 7150f has already been construed by a Court of Civil Appeals in the *Victor Equipment* case, and the judgment of that court was approved by the Supreme Court. We view the Supreme Court's refusal of a writ for "no reversible error" as an approval of the lower court's holding that only consigned property was exempt from taxation under article 7150f as it existed prior to the 1977 amendment.

The initial act, as it was first enacted in 1963, insofar as that act applies to this appeal, consists of a single sentence. That sentence is composed of three (3) clauses; the first and third clauses are expressly limited to consigned property; the second clause is not so limited. It is noted that, in the statute, words of specific meaning are followed by words of general meaning. The rule with respect thereto was announced in *Farmers' & Mechanics' National Bank v. Hanks,* 104 Tex. 320, 137 S.W. 1120, 1123–24 (1911), as follows:

> "It is a prime rule of construction that where in a statute general words follow a designation of particular subjects or classes of persons the meaning of the general words will be restricted by the particular designation in such statute. This is known as the rule of ejusdem generis, and is a rule of almost universal application . . . ."

We apply that rule to this case. The first clause of the statute speaks only of "property consigned to a consignee in this State from outside this State." The second clause applies to "goods, wares and merchandise." We hold that under the rule of ejusdem generis, the second clause is restricted to consigned goods as particularly set out in the first clause. See *Ayala v. City of Corpus Christi,* 507 S.W.2d 324 (Tex.Civ.App.— Corpus Christi 1974, no writ), and the authorities therein cited. Therefore, we construe article 7150f as exempting only property consigned to a consignee in this State from outside this State. Since plaintiff's property involved is not consigned property, no exemption from taxation exists for the years 1972, 1973, 1974 and 1975.

In refusing to follow plaintiff's argument, we note that our Supreme Court, in *Rowan Oil Co. v. Texas Employment Commission,* supra, in effect, said that one session of the Legislature does not have the power to "declare the intent of a past session." Plaintiff's point of error is overruled.

AFFIRMED.